Henry Epstein, J.
This is a petition for an order compelling New Amsterdam Casualty Company to submit its stock book and all stock transfer sheets and similar records kept by it to the examination and inspection of the petitioner, either in person or by his attorney.
The New Amsterdam Casualty Company (hereinafter “ New Amsterdam”) has for some time “considered a combination with some appropriate outside company in order to obtain additional capital funds to keep step with the great growth in its premium volume.” In the course of this consideration several discussions have ensued with other insurance companies re possible merger, and the board of directors in the exercise of their discretion have rejected certain proposals and recommended a merger with the Home Insurance Company (hereinafter “Home”). On December 2, 1960 the management of New Amsterdam sent a notice to all its stockholders of a special meeting to be held on January 6, 1961, to take action upon the proposed merger agreement. The said letter recommends the merger and encloses a proxy for those unable to attend.
In addition to the consideration given to Home, the board of directors of New Amsterdam engaged in negotiations with Security Insurance Company of New Haven (hereinafter “ Security ”), and after extensive investigation they concluded that the best interest of New Amsterdam would not be served by such a merger. The reasons for the board’s actions, while they may be well founded, are not important to this motion.
Security has pursued the merger with New Amsterdam in the State of Connecticut and has filed a plan of exchange with the *564 Insurance Commissioner of Connecticut and requested a hearing on the fairness of the proposed exchange of stock; that New Amsterdam be ordered to send a notice of the hearing to its stockholders; that, upon a finding that the exchange is fair, New Amsterdam be ordered to send a copy of the plan to its stockholders; and that in lieu thereof New Amst.erda.Tn turn over to Security a current list of its stockholders. New Amsterdam opposed the proceeding instituted by Security and in order to stay the hearing scheduled to take place on December 5, 1960, they filed a complaint in the Superior Court, New Haven County, Connecticut, for an injunction and for a judgment declaring the acts of the Commissioner to be beyond the scope of his authority, etc. A temporary injunction was issued on December 2, 1960, restraining the Commissioner from proceeding with the hearing until the session of the Superior Court on the first Tuesday of January, 1961.
The petitioner herein is opposed to the Home proposal and supports the Security proposal. It is strongly urged in opposition to the present application that the inspection sought herein is for the ulterior purpose of furthering the interest of Security in the Connecticut proceeding. The basis of the aforesaid opposition is the identity of petitioner’s and Security’s attorney, Richard Joyce Smith. “ [Inspection] The stock book of every such corporation shall be open daily during at least three business hours, for inspection by any judgment creditor of the corporation; or by any person who shall have been a stockholder of record in such corporation for at least six months immediately preceding his demand; or by any person holding or thereunto in writing authorized by the holders of at least five per centum of all its outstanding shares; provided (a) that such inspection shall not be for the purpose of communicating with stockholders in the interest of a business or object other than the business of the corporation, and (b) that such stockholder or other person has not within five years sold or offered for sale any list of stockholders of such corporation or any other corporation, or aided or abetted any person in procuring any stock list for any such purpose; and provided further that such inspection may be denied to such stockholder or other person upon refusal to furnish to such corporation or its transfer agent a written statement that such inspection is not desired for purpose (a) and that such stockholder or other person has not been connected with any stock list as provided in (b). Persons so entitled to inspect stock books may make extracts therefrom.” (Stock Corporation Law, § 10.)
*565 The cases applying this section have given the stockholder an absolute right to the inspection sought here except in those cases when the lack of good faith of the petitioner is shown (Matter of Tate v. Sonotone, 272 App. Div. 103). The elements of good faith or improper purpose encompass a wide area of discretion. It cannot be said that an attempt by a group of stockholders to induce their fellow stockholders to reject a merger plan suggested by management and to encourage a merger with some other group is in itself an improper motive or bad faith; and this in spite of the fact that the merger may be beneficial to the petitioner in a dual capacity, viz., as a stockholder in each of the companies.
The facts presented herein fail to convince this court that the interests of petitioner are contrary to the best interests of the respondent, and the petition is therefore sustained and the respondent is directed to provide the petitioner access to the stock books and records, as requested in the petition. In the interest of fair dealing, the meeting now set for January 6, 1961 should be and is postponed to January 20, 1961.