In the Matter of LAIDLAW & Co., Petitioner, *v.* PACIFIC INSURANCE COMPANY OF NEW YORK, Respondent.

Supreme Court, Special Term, New York County, October 27, 1966.

*Milbank, Tweed, Hadley & McCloy* for petitioner. *Lord, Day & Lord (John W. Castles, 3rd,* of counsel), for respondent.

NATHANIEL T. HELMAN, J. In this proceeding in the nature of mandamus, brought under section 624 of the Business Corporation Law, petitioner, acting as agent for undisclosed principals, seeks an order directing respondent to furnish it with a list of respondent's stockholders. The issues here presented are (1) whether the fact that the list is sought solely to enable petitioner (for its principals) to solicit sales to it of respondent's stock removes the proceeding from the scope of section 624, and (2) whether the relief requested should be withheld (pending a hearing or permanently) because of petitioner's alleged violation of applicable rules of the Securities and Exchange Commission, in the acquisition of the shares it now holds, and without which it would not meet the 5% stock ownership prerequisite of section 624.

Subdivision (c) of section 624, in pertinent part, states that the inspection may be denied upon the shareholder's refusal to furnish an affidavit that "such inspection is not desired for a purpose which is in the interest of a business or object other than the business of the corporation ". This affidavit has been furnished but the court has the obligation, where the question is raised, to go beyond the face of the affidavit, and determine whether section 624's requirements have been met, in fact. (See *Matter of Schulman* v. *Dejonge & Co.,* 270 App. Div. 147.)

The evidence adduced indicates, clearly, that the sole purpose of the inspection requested is the solicitation of sales of stock to petitioner. Indeed, this is admitted. It is by no means evident that such a purpose is in the interest of the corporation. It is true, as urged by petitioner, that some recent cases have held that

the allowance of the inspection, where the purposes advanced therefor are proper, will not be denied because " another purpose may be behind the request—that purpose being [petitioner's] * * * solicitation of the sale to him of shares now held by other shareholders ". (*Siegel* v. *Paramount Pictures Corp.*, N.Y.L.J., May 13, 1965, p. 15, col. 5 [avowed purpose of inspection being solicitation of votes for director]; accord, *Matter of Murchison* v. *Alleghany Corp.*, 27 Misc 2d 290 [avowed purpose being similar to that in *Siegel*].) These holdings are not, however, authority for directing an inspection where the sole purpose is the solicitation of sales for, as stated in Aranow & Einhorn, Proxy Contests For Corporate Control (1957) (p. 40): " It has been decided in many jurisdictions that it is a proper purpose to inspect the stock books in order to communicate with fellow stockholders and solicit proxies in opposition to the management." The logic behind this approach is evident. Proxy fights for corporate control may result in benefit to the corporation; purchases of the corporate stock, for the purpose of gaining control, are at least one additional step removed from that end, and may be as consistent with the end of seeking personal gain for the purchaser as with the end of benefitting the corporation. An analogous situation appeared in *Matter of Newman* v. *Smith* (263 App. Div. 85, 87–88) where the court, while rejecting the application primarily on the ground that Adams Express was an unincorporated association, said: " Even though the petitioner could point to some statute which would give him the right to inspect and copy the stockholders' list * * * . There is nothing to indicate that the ultimate purpose of the application is for the benefit of the association or even its membership. Concedly, what he desires is ' to make available to stockholders of Adams an opportunity to sell their stock ' * * * we cannot see how either the company or its stockholders could benefit by the proposed transaction."

Absent some compelling basis for so doing, and none has been advanced by petitioner, this court is not disposed to extend the rights afforded by section 624 to cover the instant case. The application will therefore be denied on this basis. There is thus no reason for directing a hearing on the issue of whether or not the prior purchases of stock were part of " a continuous plan " to acquire control and whether petitioner violated any rules of the Securities and Exchange Commission in so doing which might disqualify petitioner from inspection in any event. (See *Studebaker Corp.* v. *Gittlin*, 360 F. 2d 692 [C. A. 2d, 1966].)

The petition is denied and dismissed.