Hyman Korn, J.
Petitioner, Crane Co., seeks an order directing respondent, Westinghouse Air Brake Company, to permit Crane Co., to inspect Westinghouse’s stockholder list pursuant to section 1315 of the Business Corporation Law. Crane is an Illinois corporation; Westinghouse, a Pennsylvania corporation. The dispute over the inspection of the stockholder list of Westinghouse has given rise to two prior proceedings. Westinghouse argues that by virtue of these prior proceedings, wherein the inspection requested was denied, 'Crane is barred by res judicata from obtaining the same relief now. The first of these *539 prior proceedings was instituted by Crane in Pennsylvania. In January, 1968, Crane, in a mandamus proceeding, there sought an inspection of Westinghouse’s stock list, and in February, 1968, after a jury trial under that State’s law, was denied such inspection. Two weeks thereafter Crane instituted a proceeding in this court under section 1315 of the Business Corporation Law which also resulted in a denial of the application, the court holding that application barred by res judicata. Crane argues, however, that different facts arising since these prior determinations eliminate that bar in this proceeding, and that some of these differing facts also eliminate the basis of the denial in the Pennsylvania court, insofar as that determination may have been predicated upon a finding that the purpose for which inspection was sought was not in the corporate interest of Westinghouse.
Crane has for some time been an owner of a substantial amount of Westinghouse stock, and it seems clear has for some time been seeking a merger with Westinghouse. Its merger proposal was rejected by Westinghouse, and, in the Pennsylvania proceeding, testimony was offered by some of Westinghouse’s principals that no merger with anyone was contemplated. So, too, in the prior proceeding in this court there was no specific proof of any proposed merger by Westinghouse with any other entity. However, a few days after the decision in the prior proceeding, in this court, announcement was made of the Westinghouse board’s approval of a merger with a competitor of Crane. Petitioner now seeks the inspection for the purpose of enlisting the support of other stockholders of Westinghouse in defeating the merger proposal. This differs from the purpose previously advanced by Crane in the prior proceedings.
This different basis urged in support of this application and the different facts and circumstances now present preclude holding Crane barred under the application of the res judicata doctrine. Nor is Crane so barred by operation of the decree of the Pennsylvania court which restrains 'Crane from maintaining actions against Westinghouse for similar relief only “where the basis of such suit arises out of the same facts as were present in the instant lawsuit.” So, too, the prior decision in this court contained within it recognition that development of different facts might warrant a different decision in the future.
The fact that Crane may communicate with Westinghouse’s stockholders by letter to be mailed by Westinghouse under applicable Securities and Exchange Commission regulations also does not preclude the grant of the relief herein requested, for *540 the comparative lack of effectiveness of such a manner of soliciting votes, when compared with personal solicitation, is obvious and has been recognized by the courts (Matter of Ditisheim, 96 N. Y. S. 2d 622). ¡
As to the argument that the purpose of the requested inspection is improper, it may be noted /that even if it is assumed, arguendo, that a stockhol ler has less than an absolute right to inspect the stock book (see Siegel v. Paramount Pictures Corp., N. Y. L. J., May 13,1965, p. 15, col. 5; Matter of Houston Oil Field Material Co. v. Holly Sugar Corp., N. Y. L. J., March 14, 1967, p. 16, col. 1, affd. 27 A D 2d 906), clearly the purpose advanced — that of enlisting opposition to a merger— is proper (Matter of Huber v. New Amsterdam Gas. Co., 26 Misc 2d 563). The fact that combined with this proper purpose there may coexist improper purposes does not warrant denial of the relief (Siegel v. Paramount Pictures Corp., supra). Moreover, as noted in the prior debision herein and in Siegel, as well as in Matter of Laidlaw Co. v. Pacific Ins. Co. (52 Misc 2d 122) the right of inspection of stockholder books, absent proof of an improper purpose, is unconditional when based upon section 1315 of the Business Corporation Law. Matter of Ochs v. Washington Heights Fed. Sav. & Loan Assn. (17 N Y 2d 82) does not hold to the contrary, for there inspection was sought based on ¡common law, rather than statutory rights. Finally, as noted in the prior decision herein, respondent’s argument that petitioner, as a foreign corporation, may not be considered a resident 'for the purpose of section 1315 is not well founded (CPLR 503; subd. [c]; Sease v. Central Greyhound Lines, 306 N. Y. 284, 280).
The application is granted.