Jacob Ark, J.
The petitioner, a member of the Rochester Civic Music Association, Inc., a not-for-profit corporation (herein Association) seeks an order directing that organization to permit him to inspect and make abstracts from the list or records of its members. The respondent corporation has refused to permit such an inspection.
Differences have arisen between the Association and some of its members, of which the petitioner is the self-described *588 chairman of an ad hoc group which calls itself “ The Concerned Members of the Civic Music Association ” (herein Group).
The Group intends to use the information it seeks to solicit the general membership of the Association and the general public in Rochester and Monroe County to obtain so-called “conditional pledges” to the Association with the goal of raising $50,000 which will be turned over to it upon condition that it will agree to a .set of proposals advanced by the Group. The Association is faced with a present financial crisis.
The respondent alleges that these proposals include, among other things, the reinstatement of five members of the Rochester Philharmonic Orchestra, the discharge of the current conductor and his replacement. The petitioner states that the proposals are to “ suspend the firings and probation for the 5 musicians ” and “hire a conductor both the orchestra and the public can respect”. In any event, the disagreement concerns the personnel of the orchestra and it is undisputed that the management of the Association is vested in its board of directors and no members thereof are members of the Group.
The parties are in agreement that the sum of $50,000 alone will not solve the Association’s existing financial problem and at the argument of the motion, it was conceded that the campaign for contributions among the membership and the general public that concluded in February, 1972 resulted in pledges of about $400,000 which was a very substantial part of the income it needs for its existence as a functioning musical organization. Papers submitted as a part of the .respondent’s answer show that the membership list consists of 8,000 names.
This proceeding is authorized by section 621 of the Not-For-Profit Corporation Law. Subdivision (c) thereof provides that an inspection may be denied to a member upon his refusal to furnish an affidavit ‘ ‘ that such inspection is not desired and will not be used for a purpose which is in the interest of a business or object other than the business of the corporation ”. The petitioner has furnished such an affidavit.
In construing -subdivision (c) -of section 624 of the Business Corporation Law which contains a similar provision, the court in Laidlaw & Co. v. Pacific Ins. Co. of N. Y. (52 Misc 2d 122), said: “This affidavit has been furnished but the court has the obligation, where the question is raised, to go beyond the face of the affidavit, and determine whether -section 624’s requirements have been met, in fact. (See Matter of Schulman v. Dejonge & Co., 270 App. Div. 147.) ” *589 In proceedings of this nature the courts are called upon to make a determination as to whether the inspection is sought in good faith before a final order may issue. (Matter of Ochs v. Washington Hgts. Fed. Sav. & Loan Assn., 17 N Y 2d 82, 90.)
The" petitioner claims that the motives of his Group are to promote, maintain and support the Rochester Philharmonic Orchestra. The respondent’s position is that the proposed plan is to compel its board of directors, against its better judgment, to make management decisions in accord with the desires of the Group. ‘ ‘ Petitioner is not required to sustain the burden of proving his good faith.” (Matter of Hausner v. Hopewell Prods., 10 A D 2d 876-877, and authorities cited therein). The issue upon the conceded facts, however, is whether the application is “ for a proper purpose ”. (Matter of Steinway, 159 N. Y. 250, 263; Matter of Durr v. Paragon Trading Corp., 270 N. Y. 464, 468.)
The petitioner in his reply to the respondent’s allegations in its affirmative defense admitted that the annual fund raising campaign is conducted under the direction of its board of directors and pursuant to established procedures which are intended to and do comply with suggested guidelines for community organizations engaged in money raising appeals in Rochester and Monroe County. It is also admitted that, if the Group solicits the membership and the general public for these “ conditional pledges”, it will be the second financial campaign conducted during the current 1971-72 orchestral season.
Serious as the Association’s financial plight may be, it cannot exist without the financial support it receives through its annual appeals to the public of which its members are a part. The Association’s membership consists of contributors to the fund raising campaign (by-laws art. I, § I).
There is another element of good faith involved in this controversy. It consists of the relationship between the Association and the public from which it seeks yearly pledges. A person who makes a pledge to an organization which conducts an annual campaign for funds has the right .to rely upon the fact that his contribution will help support. that institution until the next annual solicitation. Another request for funds within a relatively short period of time since the last annual appeal could very well have serious repercussions on this essential source of the Association’s future income. There has been no showing that the Group’s money raising effort would be successful, and if it were, it may serve the stated financial objectives of the Group, but the use of the *590 membership list for the indicated purpose would not be in the interest of the Association.
This is not a case where members seek “ information as to how their organization is being managed and afford them the opportunity to place their views as to its conduct before their fellow members ” as .stated in Matter of Davids v. Sillcox (188 Misc. 45, 54, revd. on other grounds 272 App. Div. 54, revd. 297 N. Y. 355). In this proceeding there is a sharply drawn issue between the parties concerning personnel of the orchestra, and in connection with that dispute, an inspection is sought for the purpose of soliciting contributions from the membership. In the present situation a segment of the membership, no matter how highly motivated, in a very real sense, would be competing with the Association itself for the indispensable public dollars and bring into question the validity of its future annual appeals with jeopardy to a vital source of income upon which it is dependent. A corporation “ obviously should not be compelled to aid in its own harm or destruction”. (Matter of Davids v. Sillcox, 188 Misc. 45, 51.)
Respondent is entitled to an order dismissing the petition.