■ ESTE L. PRICE, Appellant, v BLOOMINGDALE'S, a Division of FEDERATED DEPARTMENT STORES, INC., Respondent.—Order, Supreme Court, New York County (William Davis, J.), entered January 4, 1990, which granted defendant's motion for leave to conduct a physical examination of plaintiff, unanimously reversed, on the law, the facts, and in the exercise of discretion, and the motion is denied, with costs.

Defendant's eve-of-trial oral motion for leave to conduct a physical examination of plaintiff was granted notwithstanding its failure to arrange for such within the period of time prescribed in a preliminary conference order (22 NYCRR 202.12 [c] [2]; [f]), or to move to vacate the note of issue and certificate of readiness within 20 days of its service (22 NYCRR 202.21 [e]). Asked by the court to explain these delays, defendant's attorney stated that he did ask for leave to conduct a physical examination from a Judicial Hearing Officer shortly before the note of issue was filed (but well after the period of time prescribed in the preliminary conference order), which request was denied, and that "[u]nfortunately, the J.H.O.'s words stand, unless you can make an application to a judge, and at this point, I'm making [that] application". The suggestion, here, not plainly reiterated on appeal and in any event incorrect, was that the request for a physical examination having been denied by a Judicial Hearing Officer, defendant's only recourse was to renew the request before the Trial Judge whenever the case was called for trial. The Trial Judge did not respond to this, but did direct plaintiff to submit to a physical on the ground that while such would not delay the scheduled commencement of the trial or otherwise prejudice plaintiff, it "perhaps could move this case along to settlement". This was error. Pretrial proceedings, such as a physical examination, are not permitted after a note of issue is filed

151

except upon a showing, by way of affidavit, that such are needed to avoid "substantial prejudice" arising out of subsequently developing "unusual or unanticipated circumstances" (22 NYCRR 202.21 [d]; *see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3402.12). Notwithstanding that the physical examination sought by defendant might enhance the prospect of settlement without prejudice to plaintiff, we think it clear that such considerations do not fall within the "unusual [and] unanticipated circumstances" rubric of the rule permitting post-note-of-issue pretrial proceedings *(see, Price v Brody,* 7 AD2d 204, 206; *see also, Jacobs v Peress,* 23 AD2d 483 [error to grant post-note-of-issue physical examination "in the interest of having the issue of plaintiff's physical condition completely presented to the triers of the facts"]). Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.