■ MARIE MANGINE, Respondent, v JOHN N. KELLER et al., Appellants, et al., Defendants.—Order of the Supreme Court, New York County (Charles E. Ramos, J.), dated September 3, 1991, which granted plaintiff's motion to conduct a videotaped deposition of her California neurologist in lieu of his trial testimony, is unanimously reversed on the law, the facts and in the exercise of discretion and the motion denied, with costs and disbursements.

This is an action for monetary damages for personal injuries allegedly sustained by plaintiff Marie Mangine in an automobile accident on January 17, 1984. Plaintiff was a passenger in a car owned by defendant George Maurer and operated by defendant Mark Maurer when it collided in Orange County, New York, with the vehicle of defendants-appellants John Keller and Trevor Keller. The action was commenced in July of 1984, and issue was joined in October of 1984. Plaintiff filed a note of issue and certificate of readiness in November of 1988. Despite having claimed that the case was ready for trial, plaintiff, who had relocated to California not long after the incident in question, cross-moved the IAS court for leave to conduct videotaped depositions in California of two of her treating physicians. In denying the request, the court concluded that "[n]o special circumstances have been shown at this time as to why any deposition of plaintiff's doctors cannot be held in New York." Nonetheless, plaintiff simply ignored the clear language of the court's decision and, on March 8, 1991, served notices of videotaped depositions of those same physicians in California.

On June 3, 1991, nearly one year after the denial of her initial application for videotaped depositions in California of her doctors and without having moved for reargument and/or renewal, plaintiff again asked for permission to proceed with the depositions. Annexed to the affirmation of plaintiff's counsel were virtually identical affidavits from Dr. H. Ronald Fisk, her neurologist, and Dr. Frederic G. Nicola, her orthopedist, who both claimed that "I maintain an active private practice and cannot spare time from my practice to travel to New York on short notice for the purpose of testifying for trial. I

am willing to voluntarily appear for a video deposition taken in my office in California." Dr. Fisk stated that "I specialize in neurology and have treated Marie Mangine for injuries she suffered in a car accident in New York since 1986", while Dr. Nicola asserted that "I specialize in orthopedics and have treated Marie Mangine for injuries she suffered in a car accident in New York since 1985." Both affidavits also contained the statement that "[i]t is my understanding that due to my long term care of Marie Mangine that my testimony is essential to her case and that merely producing my office records and memorandum would not be sufficient."

The IAS court, for some inexplicable reason differentiating between the two affidavits despite the fact that they were almost indistinguishable, and notwithstanding that the same application had already previously been denied, granted the motion on the ground that "[t]he affidavit of H. Ronald Fisk, M.D. clearly shows the existence of special circumstances necessitating the taking of a videotaped deposition of Dr. Fisk in California." However, the court, which would presumably also allow the taking of a deposition from Dr. Nicola, was in error and should have denied plaintiff's motion. Eleven months after having unsuccessfully made an application for the same relief, plaintiff simply renewed her request by submitting a new motion. She did not offer any additional facts that were unknown at the time of the prior motion. Rather, it was as if the first application had never existed. As this court observed in *Foley v Roche* (68 AD2d 558, 567-568):

"A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided *(Fosdick v Town of Hempstead,* 126 NY 651; *American Trading Co. v Fish,* 87 Misc 2d 193) * * *

"An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application. *(Ecco High Frequency Corp. v Amtorg Trading Corp.,* 81 NYS2d 897, affd 274 App Div 982, rearg and app den 274 App Div 1056; *Matter of Holad v MVAIC,* 53 Misc 2d 952; *American Trading Co. v Fish, supra.)*"

Plaintiff was certainly aware when the first motion was brought that the doctors in question would have difficulty in appearing at the trial in New York. Yet, she did not even propose any reason for having only belatedly produced affidavits from the doctors. In any event, even if the motion could have been considered as one for reargument or renewal, it could not be made, as herein, after the time to appeal from the original order had expired *(Matter of Huie [Furman],* 20 NY2d 568; *Foley v Roche, supra).* Moreover, pretrial proceedings may not continue after the filing of a note of issue and a certificate of readiness absent a demonstration of unusual or unanticipated circumstances *(Price v Bloomingdale's,* 166 AD2d 151). Section 202.21 (d) of the Uniform Rules for Trial Courts (22 NYCRR) states that: "Where unusual or unanticipated circumstances develop subsequent to the filing of a note of issue and certificate of readiness which require additional pretrial proceedings to prevent substantial prejudice, the court, upon motion supported by affidavit, may grant permission to conduct such necessary proceedings."

The fact that plaintiff's doctors reside in California, which she evidently knew well in advance of November of 1988, when the note of issue and certificate of readiness were filed, in that she has lived in California since at least 1985, is insufficient to establish unusual or unanticipated circumstances *(see, Lentine v Beth-El Hosp.,* 71 AD2d 997). Consequently, plaintiff's motion to conduct videotaped depositions of her California doctors should have been denied in full. Concur —Milonas, J. P., Wallach, Kassal and Rubin, JJ.