■ In the Matter of WILLIAM MAYER et al., Respondents, v NATIONAL ARTS CLUB, Appellant. [596 NYS2d 537] —Weiss, P. J. Appeal (transferred to this Court by order of the Appellate Division, First Department) from an order of the Supreme Court (Ciparick, J.), entered August 27, 1992 in New York County, which granted petitioners' application pursuant to

Not-For-Profit Corporation Law § 621 (d) to inspect and copy various records of respondent.

Respondent, a not-for-profit corporation whose stated purpose is "to stimulate, foster and promote public interest in the arts", owns two buildings in New York City in the Gramercy Park area of Manhattan. One building consists of a clubhouse and the other a studio house containing 37 dwelling units each occupied by residential members. Petitioners include certain of the residential members who have had a long-standing and bitter dispute with respondent over whether the residence units were subject to rent control. The last round of the continuing dispute resulted in a determination by the State Division of Housing and Community Renewal which held that because respondent was a not-for-profit corporation whose primary purpose was educational, its building was not subject to rent stabilization. Respondent alleges that certain petitioners thereafter made threats to attack respondent's not-for-profit status. With this history, the instant dispute erupted when petitioners requested that respondent provide them with the names and addresses of all 1,268 of its members to initiate contact with respect to respondent's direction and policies under present leadership. Respondent's refusal resulted in this proceeding.

Respondent answered by alleging that petitioners' request was not made in good faith or for a proper purpose, but rather was part of the continuing dispute over the rent control status of the residential units. Petitioners replied and served an amended petition just one day prior to a decision by Supreme Court on the original petition by adding another nonresident member as a petitioner. Supreme Court found present an issue of fact as to petitioners' motivation and directed an immediate hearing to determine whether they were acting in good faith. Petitioners moved for reconsideration, emphasizing that the court had not considered the amended pleading and the additional party. The original Supreme Court Justice assigned to the case acceded to petitioners' request that he recuse himself and transferred the proceeding for reassignment to another Justice. The order of transfer included a recitation to the effect that the reassigned Justice should hear and determine both the underlying proceeding and the then-pending motion for reconsideration as though that Justice had been assigned the matter originally.

Interpreting the recusal and transfer order to mean that *Foley* reconsideration standards *(see, Foley v Roche,* 68 AD2d

558) did not apply, Supreme Court considered the petition and the amended version not solely as a motion for reconsideration, but rather as though the previous decision and order for a hearing to determine petitioners' good faith had not been made. Supreme Court then found respondent's argument to be without basis in common sense and granted the application in its entirety without the necessity of a hearing. Respondent has appealed.

A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law, or for some reason mistakenly arrived at its earlier decision *(Foley v Roche, supra)*. The motion is not designed to afford an unsuccessful party successive opportunities to reargue issues previously decided or to present arguments different from those originally asserted *(see, Pahl Equip. Corp. v Kassis,* 182 AD2d 22, *lv denied, lv dismissed* 80 NY2d 1005). Petitioners argued that in the original motion Supreme Court failed to consider the petition which had been amended as of right. Petitioners attempted to alter the impact of the facts and arguments used in opposition to the original petition and accepted by the court in finding an issue warranting a hearing. Nevertheless, respondent's prima facie showing that petitioners' motive was to achieve personal gain regardless of the negative impact on respondent remains unaltered. Accordingly, by its application of the incorrect standard for reargument, Supreme Court essentially erred by providing petitioners the opportunity to merely repeat their earlier unsuccessful argument to a new Judge *(see, Mangine v Keller,* 182 AD2d 476, 477).

While petitioners submit they are merely members seeking the opportunity to place their views on respondent's management before fellow members *(see, Matter of Santuccio v Rochester Civic Music Assn.,* 70 Misc 2d 587), respondent contends that an issue of petitioners' bad faith was properly raised and continues to be valid *(see, Matter of Ochs v Washington Hgts. Fed. Sav. & Loan Assn.,* 17 NY2d 82, 90). It is obvious that there is substantial personal malice between the petitioning residential members and respondent's current administration, much of it attributable to the rent control controversy. Ill feelings and a desire to change respondent's management and policies do not render petitioners' request improper *(see, supra,* at 88), nor do efforts to communicate with the members and to investigate the conduct of management *(see, Matter of Tatko v Tatko Bros. Slate Co.,* 173 AD2d 917). If, however, the driving

motive is personal gain completely apart from a purpose of respondent, the denial of access to respondent's membership list would not be improper. In view of the showing made by respondent, we deem that a hearing is necessary to determine the good faith of petitioners in seeking the requested material.

Mikoll, Yesawich Jr., Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion for reconsideration denied and matter remitted to the Supreme Court for a hearing to determine whether petitioners have commenced this proceeding in good faith and for proper purposes.