OPINION OF THE COURT
Per Curiam.
Order entered December 20, 1993 reversed, with $10 costs, the direction that the parties engage in specified disclosure proceedings is stricken, the notice of trial is reinstated, and defendant’s motion to preclude plaintiff from introducing at trial the expert testimony of Drs. Cohen and Mason is granted.
In the circumstances of this long-pending dental malpractice action which has been noticed for trial on three separate occasions, and since plaintiff’s counsel himself had rejected a prior discovery request made by defendant as "simply too late”, plaintiff’s eve-of-trial oral motion for leave to conduct further disclosure should have been denied. Pretrial proceedings may not continue after the filing of a notice of trial and certificate of readiness absent a showing by way of affidavit of unusual or unanticipated circumstances (22 NYCRR 208.17 [d]; see, Mangine v Keller, 182 AD2d 476, 478; Price v Bloomingdale’s, 166 AD2d 151), a showing not here made.
Defendant’s motion to preclude plaintiff from introducing at trial the expert testimony of two additional examining medical experts (Drs. Cohen and Mason) should have been granted. In the circumstances present, and where plaintiff did not establish "good cause” for failing to accurately respond to defendant’s repeated requests for information regarding the anticipated testimony of plaintiff’s experts (see, CPLR 3101 [d] [1] [i]), issuance of a preclusion order was warranted (see, Hudson v Manhattan & Bronx Surface Tr. Operating Auth., 188 AD2d 355; Corning v Carlin, 178 AD2d 576). The record indicates that the experts were first retained by plaintiff after jury selection had been suspended and the case adjourned on plaintiff’s oral motion, an application ostensibly triggered by *341 plaintiffs counsel’s "discovery”, "while waiting in court”, of information contained in certain medical records which dated back to 1984. Counsel’s belated "discovery” of information contained in the case file for a period of years is hardly sufficient to demonstrate the requisite "good cause” for permitting the additional experts to testify (cf., Simpson v Bellew, 161 AD2d 693, lv denied 77 NY2d 808). Further, admission of the experts’ testimony would necessarily cause prejudice to defendant, since as plaintiffs opposition papers acknowledged below, the conclusions reached in the experts’ belatedly exchanged reports, particularly those set out in the report of Dr. Mason, were "very surprising]” and placed plaintiffs "injuries and damages in a different light”.
Miller, J. P., McCooe and Glen, JJ., concur.