■ VIRGINIA M. BOWES, Respondent-Appellant, v MAGNA CONCEPTS, INC., Appellant-Respondent, et al., Defendant. [665 NYS2d 862] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 11, 1996, *inter alia,* which denied defendant Magna Concepts' motion to dismiss the amended complaint, granted Magna's motion for a default judgment against plaintiff only as to the first counterclaim, and granted plaintiff's motion for summary judgment only to the extent of dismissing defendant Magna's second counterclaim; and order, same court and Justice, entered May 13, 1997, which, insofar as appealable and appealed from, denied defendant Magna's motion for renewal and for a direction to plaintiff to furnish her income tax records and/or her employment agreements for the period between 1985 and 1987, and granted plaintiff's motion to restore the action to the court's active calendar, unanimously affirmed, without costs.

In this defamation action, the IAS Court properly found triable issues of fact regarding whether Magna was publisher of the subject magazine at the time of the alleged defamation, precluding summary judgment dismissing the complaint or the affirmative defenses. Nor did Magna provide sufficient evidence to establish its claim that it had neither caused or knowingly permitted its name to be misused on the magazine masthead

(*see*, General Business Law § 332), particularly as a copy of the licensing agreement was not provided on the initial motion (*see*, *Mangine v Keller*, 182 AD2d 476, 477).

The motion court also properly found that plaintiff sufficiently pleaded special damages directly resulting from the injury to her reputation caused by the alleged defamation (*see*, *Matherson v Marchello*, 100 AD2d 233, 235). Plaintiff's delay in providing discovery did not warrant dismissal where Magna had never moved to compel discovery. While plaintiff had not timely sought a protective order, in the present circumstances, the court properly exercised its discretion in refusing to direct disclosure of plaintiff's tax returns or 1985-1987 employment agreements (*see*, *Spancrete Northeast v Elite Assocs.*, 148 AD2d 694, 695-696; *Gordon v Grossman*, 183 AD2d 669).

The motion court was also within its discretion in restoring the case to the active calendar (*see*, *M.D. & Son Contr. v American Props.*, 179 AD2d 519), where counsel provided a reasonable excuse for his failures to appear and there was no showing of prejudice.

In the unique circumstances of this case, the IAS Court also properly directed plaintiff to give defendant Amato notice of her renewed motion for an inquest.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.