## Matter of Woodside Manor Nursing Home, Inc. v Zucker

### 2022 NY Slip Op 34684(U)

### August 12, 2022

### County Court, Albany County

### Docket Number: Index No. 901450-21

### Judge: Debra J. Young

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

STATE OF NEW YORK
COUNTY COURT    COUNTY OF ALBANY

_____

In the Matter of Woodside Manor Nursing Home, Inc.; Affinity Skilled Living and
Rehabilitation Center; Autumn View Health Care Facility, LLC; Avon Nursing Home,
LLC; Bainbridge Nursing & Rehabilitation Center, LLC; Brookhaven Health Care
Facility, LLC; Central Park Rehabilitation and Nursing Center; Conesus Lake Nursing
Home, LLC; Forest View Center for Rehabilitation and Nursing; Garden Gate Health
Care Facility, LLC; Harris Hill Nursing Facility, LLC; Hornell Gardens, LLC; Newark
Manor Nursing Home Inc.; North Gate Health Care Facility, LLC; Palm Gardens Care
Center For Nursing and Rehabilitation; Park Ridge Nursing Home D/B/A Park Ridge
Living Center;  Penfield Place, LLC; Seneca Health Care Center, LLC; Seneca Nursing
& Rehabilitation Center, LLC; The Brightonian, Inc.; The Hurlbut, LLC; The Shore
Winds, LLC; Unity Living Center,

Plaintiffs-Petitioners,

For a Judgment Pursuant to Article 78             **DECISION AND ORDER**
of the Civil Practice Law and Rules,          (Acting Justice Debra J. Young, Presiding)

        -against-

Howard Zucker, M.D., as Commissioner of Health
of the State of New York, or his Successor in Office,

Defendant-Respondent.

_____

(Supreme Court, Albany County, Special Term)
Index No. 901450-21, RJI No. 01-21-ST1536)


Appearances:

Harter Secrest & Emery LLP
(F. Paul Greene, Esq., of Counsel)
(Christina M. Deats, Esq., of Counsel)
Attorneys for Plaintiffs/Petitioners
1600 Bausch & Lomb Place
Rochester, New York 14604-2711

Leticia James
Attorney General of the State of New York
Attorney for Respondents Betty A. Rosa and New York State Department of Education
(C. Harris Dague, Assistant Attorney General, of Counsel)
(Michael G. McCartin, Esq., Assistant Attorney General, Special Counsel of Counsel)
The Capitol
Albany, New York 12224

[* 1]

Young, J.:

This Court issued a Decision and Order dated January 31, 2022. Plaintiffs-Petitioners now move to reargue and renew that determination. Defendant-Respondent opposes. The parties appeared for oral argument on June 27, 2022.

Plaintiffs-Petitioners specifically argue that this Court erred because Klostermann is controlling and therefore mandamus is available to compel mandatory government action even if such action involves discretion. Plaintiffs-Petitioners further argue that this Court failed to address the mandamus claim for relief in relation to PHL § 2808(17)(c). Plaintiffs-Petitioners also argue that this Court did not take into account defendant-respondent's admission that the deadline for processing appeals is one year from filing. Plaintiffs-Petitioners also assert that the Court ignored clear issues of fact permeating plaintiffs'-petitioners' substantive claims.

At oral argument plaintiffs-petitioners asserted that they were not seeking payment but rather just that the appeals be decided. Plaintiffs-Petitioners argue that mandamus lies to compel them to do something—decide the appeals pending longer than one year. Plaintiffs-petitioners assert that whether they win or lose does not matter they just want errors corrected. They further argue that Arnot-Ogden was case specific and not a general rule. Plaintiffs-petitioners argue that a question of fact exists warranting discovery of, at a minimum, a record on return.

In opposition, defendant-respondent asserts that this Court's determination was reasonable, correct and thoughtful and properly based on Woodside I being controlling. Defendant-Respondent argues that plaintiffs-petitioners have not established their entitlement to reargue or renewal of the case and are simply trying to get a second bite of the apple. Defendant-Respondent further argues that there is no basis for plaintiffs-petitioners' motion to amend as the prior determination is res judicata and cannot be resurrected by a new pleading. Defendant-Respondent argues that Woodside I decided the issues raised by plaintiffs-petitioners and that this Court's decision should hold. Defendant-Respondent alleges that 3500 appeals remain to be determined but that they continue to make a diligent effort.

In reply, plaintiffs/petitioners assert that defendant/respondent does not have "full discretion" to determine when or if they will process a duly submitted nursing home Medicaid rate appeal. Plaintiffs/Petitioners further argue that caselaw does not bar the relief sought herein. Plaintiffs/Petitioners argue that they have a clear protected interest in accurate payment for services rendered. Plaintiffs/Petitioners argue that defendant/respondent has not set forth any substantive opposition to plaintiffs'/petitioners' motion to renew. In addition, plaintiffs-petitioners assert in reply that Woodside I relates to mandamus only not declaratory judgment. They further argue that Woodside I dealt with the cap and here the cap was underspent by 24 million in the last four years.

[* 2]

A motion for leave to reargue is addressed to the sound discretion of the Court and may be granted only upon a showing that the Court overlooked, misapplied or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision (CPLR § 2221[d][2]; Spa Realty Associates v Springs Associates, 213 AD2d 781, 783; Matter of Mayer v National Arts Club, 192 AD2d 863, 865). CPLR § 2221 motions are not intended to afford unsuccessful parties repetitive opportunities to reargue issues previously decided (Foley v Roche, 68 AD2d 558, 567; Matter of Mayer v National Arts Club, 192 AD2d 863, 865); Pahl Equipment Corporation v Kassis, 182 AD2d 22, 27, lv den, dsmd 80 NY2d 1005). Pursuant to CPLR § 2221 (e), a motion for leave to renew shall "be based upon new facts not offered on the prior motion that would change the prior determination ..." and shall contain 'reasonable justification' for the failure to present such facts on the prior motion." Those new or additional facts should have been unknown to the party seeking renewal at the time of the original motion (Gulledge v Adams, 108 AD2d 950).

As no new facts are established, plaintiffs'-petitioners' motion for renewal is denied. As to the motion to reargue, it is denied as the Court did not overlook, misapply or misapprehend the facts or the law. Notably, Woodside I applies as set forth in this Court's prior Decision and Order dated January 31, 2022.

Public Health Law § 2808 (17)(b) provides a discretionary framework for the processing of appeals[1]. The pertinent statutory language set forth in Public Health Law § 2808 (17) (b) provides that "the commissioner shall, in prioritizing such rate appeals, include consideration of which facilities the commissioner determines are facing significant financial hardship as well as such other considerations as the commissioner deems appropriate" (Public Health Law § 2808 [Consol., Lexis Advance through 2022 released Chapters 1-381]). The Legislature further enacted Public Health Law § 2808 (17) (c) which provides in pertinent part that "the commissioner shall promulgate regulations... establishing priorities and time frames for processing rate appeals... provided, however, that such regulations shall not be inconsistent with the provisions of paragraph (b) of this subdivision." Thus, the statutory language of Public Health Law § 2808 (17) (c) did not take away the commissioner's ability to take into account factors that were not set forth in regulations promulgated by defendant-respondent. To the extent that defendant-respondent has not promulgated regulations in accord with the directive set forth by the Legislature it is directed to do so, as the Legislature's

---

[1] Notably, Public Health Law § 2808 (17) (b) was enacted to alleviate the State's increasing fiscal crisis in 2010. Importantly, it placed a temporary moratorium on the consideration of Medicaid reimbursement rate appeals by the Department of Health and a monetary cap on the amount of money that DOH can spend in any fiscal year on reimbursement rates that are revised as a result of rate appeals, and remains in full force and effect.

[* 3]

use of the word "shall" is not subject to interpretation, but rather directs defendant-respondent to act.

It is hereby,

ORDERED, that the motion to reargue and renew is denied.

To the extent that there are arguments made that are not directly addressed herein, they are deemed to be without merit.

This constitutes the Decision and Order of the Court.

No attorneys' fees, costs or disbursements are awarded to any party.

SO ORDERED.
ENTER.

Dated: Troy, New York
       August 12, 2022

_____
Honorable Debra J. Young
Acting Justice of the Supreme Court

08/12/2022