| |
|---|
| **Rohles v Metropolitan Transp. Auth.** |
| 2024 NY Slip Op 30566(U) |
| February 23, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157185/2019 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. DAVID B. COHEN**                    PART    58

                                           *Justice*

-----------------------------------------------------------------------------X

GREG ROHLES,                                                  INDEX NO.            157185/2019

                       Plaintiff,           MOTION SEQ. NO.          004

                     - v -

METROPOLITAN TRANSPORTATION AUTHORITY, THE
NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY                    **DECISION + ORDER ON**
(CAPITAL CONSTRUCTION COMPANY), and JUDLAU                      **MOTION**
CONTRACTING/TC ELECTRIC, A JOINT VENTURE,

                    Defendants.

-----------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 004) 116, 117, 118, 120,
121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion to/for              RENEW/REARGUE/RESETTLE/RECONSIDER    .

      In this Labor Law action, third-party defendant Rebar Steel Corp. moves, pursuant to

CPLR 2221(d), for leave to reargue defendants' motion for summary judgment on the issue of

contractual indemnification (Seq. 003) and, upon reargument, for denial of defendants' underlying

motion.

## I.  Factual and Procedural Background

      As set forth in this Court's June 7, 2023 order (NYSCEF Doc No. 111), this action arises

from an incident in March 2019 in which plaintiff was allegedly injured after being struck by an

excavation machine while working at a construction site in Manhattan.  Plaintiff commenced this

action against defendants asserting claims for common-law negligence and violations of Labor

Law §§ 200, 240(1), and 241(6).  Following joinder of issue, defendants commenced a third-party

action against Rebar Steel asserting claims of, among other things, contractual indemnification.

After the completion of discovery and the filing of a note of issue, plaintiff discontinued his Labor Law § 240(1) claims against defendants.

Defendants then moved for summary judgment on the issue of contractual indemnification against Rebar Steel, which Rebar Steel opposed. While that motion was pending, plaintiff discontinued his Labor Law § 200 and common-law negligence claims against defendants Metropolitan Transit Authority, The New York City Transit Authority, and Metropolitan Transit Authority (Capital Construction Company) (collectively, the MTA defendants); leaving the Labor Law § 200 and common-law negligence claims against defendant Judlau Contracting/TC Electric, A Joint Venture (Judlau), intact (Doc Nos. 109-110).

By decision and order entered June 7, 2023, defendants' motion was granted after it was determined that they were entitled to unconditional contractual indemnification (NYSCEF Doc No. 111). In reaching that determination, this Court indicated that plaintiff's decision to discontinue his claims of common-law negligence and violations of Labor Law §§ 200 and 240(1) meant that the only question remaining was whether defendants were entitled to full, unconditional contractual indemnification because they could only be found vicariously liable pursuant to Labor Law § 241(6). Rebar Steel now moves for leave to reargue the motion for partial summary judgment and, upon reargument, for an order denying the motion with respect to Judlau (Doc No. 116), which defendants oppose (Doc No. 121).

## II. Legal Analysis and Conclusions

Rebar Steel contends that it is entitled to reargument because this Court overlooked facts in granting Judlau unconditional contractual indemnification when it misread the stipulation discontinuing plaintiff's common-law negligence and Labor Law § 200 claims against the MTA defendants to also apply to Judlau, causing this Court to incorrectly conclude that Judlau was

**157185/2019   ROHLES, GREG vs. METROPOLITAN TRANSPORTATION**
**Motion No.  004**

**Page 2 of 5**

2 of 5

entitled to unconditional contractual indemnification because it could not be held directly liable.[1] In opposition, defendants maintain, among other things, that no facts were overlooked in deciding to grant their motion. Alternatively, they argue that if reargument is granted, they are still entitled to conditional contractual indemnification.

"A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided" (*Foley v Roche*, 68 AD2d 558, 567 [1st Dept 1979] [citations omitted]; *accord Mangine v Keller*, 182 AD2d 476, 477 [1st Dept 1992]).

Here, Rebar Steel demonstrates that this Court overlooked a critical fact in deciding the underlying motion. The stipulation discontinuing plaintiff's claims of common-law negligence and violations of Labor Law § 200 did not apply to all defendants, just the MTA defendants. Thus, the common-law negligence and Labor Law § 200 claims as against Judlau were not discontinued, and it was incorrect to conclude that Judlau could only be found vicariously liable under Labor Law § 241(6). Therefore, Rebar Steel is granted leave to reargue Judlau's motion for summary judgment on the issue of contractual indemnification.

Upon reargument, Judlau is only entitled to *conditional* contractual indemnification. As discussed in the June 2023 order, the subcontract between Judlau and Rebar Steel included a broad indemnification provision requiring Rebar Steel to indemnify Judlau against claims "resulting from, arising out of[,] or occurring in connection with" Rebar Steel's work providing and installing rebar. That provision was triggered by plaintiff's injuries, which occurred while he was searching

---

[1] Rebar Steel does not argue that the portion of the decision granting the MTA defendants unconditional contractual indemnification was improper, it only argues that the portion pertaining to Judlau was incorrect.

**157185/2019   ROHLES, GREG vs. METROPOLITAN TRANSPORTATION**          **Page 3 of 5**
  **Motion No.  004**

3 of 5

for rebar. Therefore, until a determination can be made regarding any purported negligence, Judlau is entitled to conditional summary judgment on its contractual indemnification claim against Rebar Steel (*see Madkins v 22 Little W. 12th St., LLC*, 191 AD3d 434, 436 [1st Dept 2021] [granting conditional summary judgment on contractual indemnification, "subject to a determination whether [defendant] was negligent," because broad indemnification provision triggered by plaintiff's injuries]; *Aramburu v Midtown W. B, LLC*, 126 AD3d 498, 501 [1st Dept 2015] [similar]).

Accordingly, it is hereby:

ORDERED that the motion by third-party defendant Rebar Steel Corp. for leave to reargue is granted; and it is further

ORDERED that, upon reargument, the motion by defendant Judlau Contracting/TC Electric, A Joint Venture, for summary judgment on the issue of contractual indemnification is conditionally granted to the extent that Rebar Steel Corp. will be required to indemnify Judlau Contracting/TC Electric, A Joint Venture, to the extent that Rebar Steel Corp. may be found negligent; and it is further

ORDERED that counsel for the moving parties shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room 119); and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Case* (accessible at the "E-Filing" page on the court's website at the address www.nycourts.gov/supctmanh); and it is further

**157185/2019   ROHLES, GREG vs. METROPOLITAN TRANSPORTATION**
  **Motion No.  004**

**Page 4 of 5**

4 of 5

ORDERED that the parties shall appear for a trial scheduling/settlement conference in person at 71 Thomas Street, Room 305, on March 27, 2024, at 10:00 a.m.

2024022315425200DC0HENC5677AFB77FC48FA8C228D79BF2KDF72

__2/23/2024__
**DATE**

**DAVID B. COHEN, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157185/2019   ROHLES, GREG vs. METROPOLITAN TRANSPORTATION**      **Page 5 of 5**
**Motion No.  004**

[* 5]