558

JOHN J. FOLEY, Respondent, v MARY E. ROCHE et al., Appellants.

First Department, June 26, 1979

560

## APPEARANCES OF COUNSEL

*Robert P. Whelan* of counsel *(McHugh Heckman Smith & Leonard,* attorneys), for appellants.

*Pamela Anagnos Liapakis* of counsel *(Lipsig, Sullivan, Mollen & Liapakis, P. C.,* attorneys), for respondent.

## OPINION OF THE COURT

FEIN, J. P.

Defendants appeal from the order of Special Term to the extent that the court conditioned dismissal of the complaint for lack of jurisdiction and vacatur of the attachment upon defendants agreeing to accept service of process in an action to be commenced in New Jersey and waiving Statute of Limitations as a defense, except to the extent available as a defense in this action. The suit was instituted upon an order attaching the contractual obligation of defendant's insurer to defend and indemnify under a policy of automobile liability insurance issued by Continental Insurance Company. Special Term found that such attachment, procured on authority of *Seider v Roth* (17 NY2d 111), was invalid in view of the recent United States Supreme Court opinion in *Shaffer v Heitner* (433 US 186), which held applicable to all assertions of jurisdiction the minimum contacts test of *International Shoe Co. v Washington* (326 US 310).

The action arises out of an accident which occurred on January 26, 1975 in Vermont, when plaintiff, a New York resident, allegedly sustained personal injuries when a vehicle owned by defendant Roche and operated by defendant Tyzbir, both New Jersey residents, collided with the vehicle owned and operated by plaintiff. This action was commenced after plaintiff had obtained an order on October 19, 1976, attaching Roche's automobile liability policy and the obligation to defend and indemnify thereunder (order, Oct. 19, 1976, STECHER, J.). Pursuant to that order, the Sheriff of Suffolk County attached the policy and service was thereafter effected upon both defendants in New Jersey. Defendants then moved to vacate the attachment (CPLR 6223) and to dismiss the complaint for lack of personal and subject matter jurisdiction (CPLR 3211, subd [a], pars 2, 8, 9). The motion was denied, Special Term finding the attachment properly obtained and no sufficient ground urged to warrant its vacatur (order, April 19, 1977, KIRSCHENBAUM, J.).

In their answer defendants interposed affirmative defenses, alleging the impropriety of the attachment, lack of personal and subject matter jurisdiction and *forum non conveniens.* Thereafter, defendants served a demand to change the venue to Nassau County and an application to change the place of trial was granted without opposition (order, June 17, 1977, NIEHOFF, J.). A prior motion by plaintiff to strike the third and fourth affirmative defenses of lack of subject matter jurisdiction and lack of jurisdiction by reason of the attachment was denied by Mr. Justice TIERNEY, with leave to renew in Nassau County following disposition of the motion to change the venue (order, July 27, 1977, TIERNEY, J.). Plaintiff then moved before Mr. Justice VELSOR in Nassau County to strike the defenses upon the ground that the issue had been determined by Justice KIRSCHENBAUM. Defendants claimed that an application for the same relief had already been denied by Justice KIRSCHENBAUM. Justice VELSOR concluded that the prior determination of Justice KIRSCHENBAUM decided only so much of the motion as sought to vacate the attachment, but did not pass upon the jurisdictional issues. However, Justice VELSOR denied the motion without prejudice to an application by plaintiff to Justice KIRSCHENBAUM to resettle the prior order of April 19, 1977.

Defendants thereupon moved by order to show cause to resettle the prior order of Justice KIRSCHENBAUM, demanding dismissal of the action for lack of jurisdiction and vacatur of the attachment. Plaintiff cross-moved to strike the third and fourth affirmative defenses. Justice KIRSCHENBAUM, granting the motion and denying the cross motion, held that attachment of the obligation to defend or pay under a liability policy pursuant to *Seider v Roth* (17 NY2d 111, *supra)* could no longer be had in view of the recent Supreme Court opinion in *Shaffer v Heitner* (433 US 186, *supra).* Although the court concluded that jurisdiction was lacking, outright dismissal was not directed, since dismissal would foreclose plaintiff from instituting action in New Jersey, the applicable Statute of Limitations having run. Accordingly, the court conditioned dismissal upon the commencement of a new action in New Jersey within 30 days, acceptance by defendants of service of process in that action and waiver of any Statute of Limitations defense, other than that which could have been asserted as a defense in this action.

Defendants have appealed from the order to the extent that

it imposed conditions to the dismissal. They contend that the court had no authority to dismiss the action conditionally since there was a finding that jurisdiction was lacking, distinguishing that situation from one where dismissal is premised upon *forum non conveniens.* They assert that since plaintiff did not appeal from the order dismissing the action and since defendants have appealed only from that portion of the order which imposed conditions to the dismissal, this court is without power to review the merits of the dismissal. They claim that since the conditions were improperly imposed, that portion of the order should be deleted. This would effect an absolute dismissal of the case, since commencement of a new action would be futile, the time to commence a new action having expired.

■ ■ We disagree with the conclusion reached by Special Term in holding the *Seider* attachment procedure unavailable in the light of *Shaffer v Heitner (supra). Baden v Staples* (45 NY2d 889) is dispositive. The court there held the *Seider* doctrine to survive the constitutional principles expressed in *Shaffer.* Therefore, while we fully agree that the order of Special Term was incorrect in vacating the attachment and in dismissing the action for lack of jurisdiction, the problem confronted on this appeal is our jurisdiction to review the entire order, the plaintiff having elected not to appeal from the dismissal and defendants having appealed only from so much of the order as imposed conditions to the dismissal. Ordinarily, appellate review is confined to the part of the order appealed from *(Matter of Burk,* 298 NY 450, 455). However, we have held that where the portion of an order appealed from is "inextricably intertwined" with the balance of the order from which an appeal has not been taken, an appellate court may not be circumscribed in its review, nor precluded from passing upon so much of the order as is necessarily affected by the portion from which an appeal has been taken *(Lea v Lea,* 59 AD2d 277, 280; see, also, *Matter of Burk, supra,* p 455; *Statella v Statella,* 28 AD2d 669, 670).

■ As applied here, we conclude that the appeal by defendants from so much of the order of Special Term as imposed conditions upon the dismissal for lack of jurisdiction brings up for review the entire order, despite plaintiff's failure to appeal. The conditions attached to the order of dismissal, albeit improper, are not separable from the balance of the order. Rather, they are so "inextricably intertwined" with the dis-

missal as to necessitate review of the entire order upon defendants' appeal. Clearly, Special Term would not have directed an outright dismissal without imposition of the conditions contained in the order. To hold otherwise would effect a most inequitable result, dismissing an action properly commenced in this State and, in view of the passage of time, precluding plaintiff from any available remedy.

A court when faced with a motion to dismiss for lack of jurisdiction may not properly condition dismissal upon a defendant's agreeing to submit to the jurisdiction of another court in another State by acceptance of process there and waiver of Statute of Limitations as a defense. Although such conditions are invariably imposed where dismissal is predicated upon the doctrine of *forum non conveniens,* where it is found that jurisdiction is lacking a conditional dismissal is inappropriate. The difference lies in the nature of the relief sought and the power of the court to act when called upon to invoke the *forum non conveniens* doctrine. Application of *forum non conveniens* "should turn on considerations of justice, fairness and convenience", with dismissal directed "when it plainly appears that New York is an inconvenient forum and that another is available which will best serve the ends of justice and the convenience of the parties." *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 361.) The standard, codified in CPLR 327, effects a transfer of the action to a more convenient forum which the court finds will best serve the ends of justice and the convenience of the parties. Such a motion, addressed to the discretion of the court, requires a balancing to determine whether or not jurisdiction should be retained. We have held: *"Forum non conveniens* presumes the fact of jurisdiction, to be declined where it is ' "found that, on balancing the interests and conveniences of the parties and the court, the action would better be adjudicated in another forum." ' *(Silver v Great Amer. Ins. Co.,* 29 NY2d 356, 360, *supra,* citing *Varkonyi v Varig,* 22 NY2d 333; *Bata v Bata,* 304 NY 51; *Gulf Oil Corp. v Gilbert,* 330 US 501.)" *(Bader & Bader v Ford,* 66 AD2d 642, 647.) Clearly, the court in exercising its discretion, may impose reasonable conditions to dismissal under CPLR 327, effecting substantial justice by requiring that defendant, as a condition to transfer of the action to the more convenient forum, agree to submit to that jurisdiction, accept service of process and waive Statute of Limitations as a defense, except to the extent that such defense

could have been asserted as a defense in the action pending here. However, where the challenge is to the jurisdiction of the court in the first instance, the central issue is whether jurisdiction exists. If the court determines that it lacks jurisdiction, the action must be dismissed and, in such case, there is no authority to condition the dismissal.

■■ Therefore, we are in agreement that the conditions to dismissal, predicated upon the asserted insufficiency of the attachment to afford requisite jurisdiction, were improper. In the light of the clear direction by the Court of Appeals as to the continued viability of *Seider* attachments *(Baden v Staples,* 45 NY2d 889, *supra),* Special Term should not have dismissed the action or vacated the order of attachment.

It is appropriate to comment on the procedure employed by the parties.

Defendants' motion is designated as one to "resettle an order as to vacation of attachment and dismissal of action for lack of jurisdiction". It is asserted that the motion was made pursuant to leave granted by Justice VELSOR after the venue in the action had been changed to Supreme Court, Nassau County. However, the leave granted by Justice VELSOR to apply to Justice KIRSCHENBAUM to resettle the prior order was granted to plaintiff. Nonetheless, defendants, not plaintiff, moved for resettlement of Justice KIRSCHENBAUM's order, seeking vacatur of the attachment and dismissal of the action for lack of jurisdiction. The motion was premised upon a different ground than that relied upon on the initial application. Plaintiff, in opposition, cross-moved to dismiss the third and fourth affirmative defenses.

■■ Defendants' motion was not properly one for resettlement. Resettlement of an order is a procedure designed solely to correct errors or omissions as to form, or for clarification. It may not be used to effect a substantive change in or to amplify the prior decision of the court *(Ruland v Tuthill,* 187 App Div 314, 315; *Kegerreis v Sirotkin,* 273 App Div 771). Nor in most cases is it at all necessary for an independent application to be made for resettlement of an order, either by notice of motion or by order to show cause. The applicable rules in effect in this Department contemplate an application for resettlement to be made in the same manner as settlement of the original order. Bronx and New York Counties Supreme Court Rules, NYCRR 660.12 provide, "Unless it shall be otherwise directed by the court, notice of settlement or reset-

tlement shall not be less than two days." Clearly, the present motion did not seek to correct any error or omission as to form. Rather, the application was directed at the merits, seeking dismissal of the complaint and vacatur of the attachment, the very substantive relief initially denied by Justice KIRSCHENBAUM.

■ At the time of this application and at the time of the prior application before Justice VELSOR, venue in the action had been changed from New York to Nassau County. The place of trial having been so changed, any further application for substantive relief was required to be made in Nassau County, or at least in conformity with CPLR 2212 (subd [a]), which requires a motion on notice to be "noticed to be heard in the judicial district where the action is triable or in a county adjoining the county where the action is triable." The venue of the present motion, therefore, was improper under the statute. Once the place of trial was changed to Nassau County, no further application for relief could be made in New York County.

Nor may the propriety of the motion be sustained under CPLR 2221, even assuming that the present application was a motion affecting a prior order as to require referral to the Justice who signed the original order. Despite the clear salutary purpose of CPLR 2221 to prevent inconsistent decisions by Justices of co-ordinate jurisdiction, we must also give effect to the intention of the Legislature expressed in CPLR 2212 (subd [a]), so as to require that motions be made returnable where the action is triable or in a county adjoining the county where the action is triable. In the event of any conflict between the two provisions, the statutory provision contained in CPLR 2212 (subd [a]) would take precedence over CPLR 2221. (CPLR 102; Judiciary Law, § 229; *Cormerly v McGlynn,* 84 NY 284.)

■■ Nor was defendants' motion properly one for reargument or renewal of the original order. A motion for reargument, addressed to the discretion of the court, is designed to afford a party an opportunity to establish that the court overlooked or misapprehended the relevant facts, or misapplied any controlling principle of law. Its purpose is not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided *(Fosdick v Town of Hempstead,* 126 NY 651; *American Trading Co. v Fish,* 87 Misc 2d 193). Nor does reargument serve to provide a

party an opportunity to advance arguments different from those tendered on the original application. It may not be employed as a device for the unsuccessful party to assume a different position inconsistent with that taken on the original motion. As was observed by the Court of Appeals in *Simpson v Loehmann* (21 NY2d 990), "A motion for reargument is not an appropriate vehicle for raising new questions". Moreover, were we to consider the present motion as one for reargument, it was clearly untimely, since such a motion may not be made after the time to appeal from the original order has expired *(Matter of Huie [Furman],* 20 NY2d 568, 572; *Fitzpatrick v Cook,* 58 AD2d 642; *Prude v County of Erie,* 47 AD2d 111). To hold otherwise would permit circumvention of the prohibition against extending the time to take an appeal from the original order (see 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03).

■ ■ Nor was the motion properly one to renew. An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application. *(Ecco High Frequency Corp. v Amtorg Trading Corp.,* 81 NYS2d 897, affd 274 App Div 982, rearg and app den 274 App Div 1056; *Matter of Holad v MVAIC,* 53 Misc 2d 952; *American Trading Co. v Fish, supra.)* Nor should the remedy be available where a party has proceeded on one legal theory on the assumption that what has been submitted is sufficient, and thereafter sought to move again on a different legal argument merely because he was unsuccessful upon the original application. Here, no additional material facts are alleged. There is no claim of mistake, inadvertence, surprise or excusable neglect. Nor is the application supported by new facts or information which could not have been readily and with due diligence made part of the original motion. The new argument sought to be raised by defendants in support of the motion is an insufficient basis for a motion to renew.

Accordingly, the order, Supreme Court, New York County (KIRSCHENBAUM, J.), entered June 21, 1978, granting defendants' motion for resettlement, dismissing the action for lack of jurisdiction and vacating the order of attachment, should be reversed, on the law, without costs or disbursements on the

appeal, and defendants' motion to dismiss the complaint and vacate the order of attachment should be denied.

SANDLER, BLOOM, LYNCH and ROSS, JJ., concur.

Order, Supreme Court, New York County, entered on June 21, 1978, reversed, on the law, without costs and without disbursements, and defendants' motion to dismiss the complaint and vacate the order of attachment denied.