OPINION OF THE COURT
Stanley Harwood, J.
Motion for an order, labeled by plaintiff as one for “reargument” of plaintiff’s motion to set aside a jury verdict for the defendants and on reargument granting plaintiff a new trial pursuant to CPLR 4403 and 4404 is denied as untimely.
The action was tried before this court and a jury from June 28, 1983 until July 21, 1983 when the jury returned its verdict for the defendants. Counsel for plaintiff then moved in open court for an order to set the verdict aside as being “contrary to the weight of the credible evidence”. The motion was immediately denied orally and the jury was discharged.
Almost nine months later, plaintiff’s new counsel now seeks “reargument” of that motion to set the verdict aside. He urges on this motion only that the court erroneously denied one of plaintiff’s charge requests regarding defendant Sears and third-party defendant Globe Union, Inc. However, CPLR 4405 provides that: “A motion under this article shall be made before the judge who presided at the *727 trial within fifteen days after decision, verdict or discharge of the jury.” CPLR 4406 provides, in pertinent part, that: “In addition to motions made orally immediately after decision, verdict or discharge of the jury, there shall be only one motion under this article with respect to any decision by a court, or to a verdict on issues triable of right by a jury”.
The language of the two consecutive rules is abundantly clear. Plaintiff had the right to make one motion on any appropriate ground or grounds in addition to the one made orally in open court to set aside the verdict. And that motion was required to have been made “within fifteen days” of July 22, 1983.
Plaintiff’s attempt to label the present application as one for “reargument” so as to avoid the 15-day requirement of CPLR 4405 (see Douglas v Latona, 61 Misc 2d 859; see, also, 4 Weinstein-Korn-Miller, NY Civ Prac, par 4405.03) must fail. The purpose of a motion to reargue is to afford a party the opportunity to demonstrate that the court misapprehended the law or facts pertinent to the original motion. (Foley v Roche, 68 AD2d 558.) It does not “provide a party an opportunity to advance arguments different from those tendered on the original application”. (68 AD2d, at pp 567-568.) Inasmuch as plaintiff failed without acceptable excuse to make his application grounded on a failure to charge as requested within the applicable time period, the court may not entertain the application. (See Matter of De Lano, 34 AD2d 1031, affd 28 NY2d 587.)