■ In the Matter of Cowen & Company et al., Appellants, v Jeffrey M. Anderson, Respondent.—Judgment, Supreme Court, New York County (David B. Saxe, J.), entered March 28, 1989, in this CPLR article 75 proceeding, denying a stay of arbitration, is unanimously affirmed, with costs.

The parties, the respondent customer demanding arbitration and the petitioners' stock broker and representative, agreed to arbitration "in accordance with the rules [of] * * * the American Stock Exchange". The rules allow a customer to select arbitration before the American Arbitration Association. This was done, and nothing in the agreement between the parties limited the arbitration to the American Stock Exchange. Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.

■ Cynthia Koenig et al., Appellants, v Furniture Intrigue, Inc., et al., Respondents. Furniture Intrigue, Inc., Third-Party Plaintiff-Respondent, v H'a'Fele-America Co. et al., Third-Party Defendants-Respondents. Cynthia Koenig et al., Respondents, v Furniture Intrigue, Inc., et al., Respondents. Furniture Intrigue, Inc., Third-Party Plaintiff-Respondent, v H'a'Fele-America Co., Third-Party Defendant-Appellant, et al., Third-Party Defendant.—Order, Supreme Court, New York County (David Saxe, J.), entered on or about October 3, 1988, denying the motion of third-party defendant H'a'Fele-America Co. for summary judgment, unanimously affirmed, with costs.

Movant has failed to meet its burden of submitting evidentiary proof sufficient to establish its defenses as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). On this record it cannot be said that the lift mechanism was not manufactured, sold or distributed by H'a'Fele or that material modifications were made by others.

Order of said court entered on or about October 3, 1988, denying plaintiffs' motion for renewal and reargument of a prior motion to compel plaintiff to submit to an electrodiagnostic examination, unanimously affirmed, with costs.

Not only have plaintiffs failed to offer a valid excuse for failing to submit the additional facts in the original application (see, Foley v Roche, 68 AD2d 558, 568) but, in addition, plaintiffs' evidence is insufficient to show that the test is potentially harmful (cf., Lefkowitz v Nassau County Med. Center, 94 AD2d 18, 21; see also, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3121.06). Concur—Kupferman, J. P., Carro, Asch, Kassal and Rosenberger, JJ.