■ JUDITH E. SCHIPPER, Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.—Appeal from order, Supreme Court, New York County (Phyllis Gangel Jacob, J.), entered on May 17, 1989, which granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment, dismissed as superseded, without costs.

Order of the same court, entered on July 3, 1989, which granted defendant's application for renewal/reargument and, upon renewal/reargument, adhered to the original determination, unanimously affirmed, without costs.

A review of the record reveals that plaintiff demonstrated her entitlement to summary judgment on her complaint to recover $2,882.43 for auto collision damages sustained in an accident on July 3, 1985. Plaintiff had secured a personal injury/collision insurance policy from defendant, which policy defendant improperly canceled before the subject accident occurred. In November 1986, a MVAIC arbitration panel determined that defendant did not sustain its disclaimer of coverage, and defendant, in a follow-up letter dated May 20, 1988, informed plaintiff that the disclaimer letter should not have been sent, and that it would "provide coverage * * * for the above captioned accident subject to the terms, conditions and policy limits of policy VF145928."

Defendant failed to adequately and properly rebut the inescapable conclusion provided by these documents that plaintiff was entitled to coverage for her auto collision claim. Although defendant offered additional support for its position on renewal, this evidence was in existence at the time of the original application, and defendant failed to offer a valid excuse for not having submitted it at that time. Accordingly, the court did not abuse its discretion in denying the application to vacate the original order. *(See, Foley v Roche,* 68 AD2d 558.)* Concur—Murphy, P. J., Sullivan, Ross, Kassal and Smith, JJ.