■ MONROE DEWEY PARTNERS, Appellant, v MDR DEVELOPMENT, INC., et al., Respondents, et al., Defendant. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiff's motion for leave to renew its prior summary judgment motion. The renewal was based on evidence existing at the time of the prior motion, and plaintiff failed to provide a valid excuse for not submitting the additional evidence in the original application (see, Foley v Roche, 68 AD2d 558, 568). (Appeal from order of Supreme Court, Monroe County, Boehm, J.—renewal.) Present —Callahan, J. P., Doerr, Denman and Lawton, JJ.

■ In the Matter of HARRY EISENHUT et al., Appellants, v CONNIE KING, Respondent.—Order affirmed without costs.

All concur, except Davis, J., who dissents and votes to modify the order, in the following memorandum.

Davis, J. (dissenting). I respectfully dissent. In my view, the order appealed from should be modified to the extent of striking the direction that the visitation granted to petitioners be supervised. Family Court's conclusion that "petitioners are capable, responsible individuals who are sincerely motivated to rekindle their relationship with their granddaughter" and that petitioners have eight hours of visitation each month with the infant is fully supported by the record (see, Lo Presti v Lo Presti, 40 NY2d 522, 526-527). Upon my review of the record, I conclude that the hearing testimony provides inadequate support for the court's conclusion that "there is a substantial risk that the natural father could abscond with the child should petitioners be awarded unsupervised visitation and the petitioners would be unable to contain him". The record fully establishes that petitioners' visitation with their granddaughter in an unsupervised setting is appropriate (see, Matter of Johansen v Lanphear, 95 AD2d 973, 974). (Appeal from order of Oneida County Family Court, Flemma, J.— visitation.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.