■ SANDRA M. LILLARD, as Administratrix of the Estate of LAMONT C. LILLARD, Deceased, Appellant, v DONALD F. CARTER et al., Defendants. MORRIS, CANTOR, ZILLER & BARNES, Non-party Respondent. (Appeal No. 2.)—Order unanimously affirmed with costs. Memorandum: Supreme Court, on reargument, properly adhered to its initial determination that the outgoing lawyer's fee be determined at the conclusion of the case. That attorney unequivocally elected to have his contingent percentage fee determined upon settlement or at trial based on the proportionate share of the work performed on the whole case (see, Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454, 458).

Plaintiff also sought reargument or renewal upon the ground that the outgoing attorney was discharged for cause and was, therefore, not entitled to any fee. That issue was not raised on the initial application and was contrary to the position taken by plaintiff's incoming counsel on the initial motion. A party may not use a motion to reargue as the vehicle to assert a new issue, particularly where the issue is contrary to the party's earlier position (see, Foley v Roche, 68 AD2d 558, 567-568; De Blasio v Volkswagen of Am., 124 Misc 2d 726). A motion to renew also was an inappropriate vehicle for this request. Facts essential to a determination whether an alleged conflict of interest existed were divulged on the initial application, and plaintiff has failed to demonstrate why the issue could not have been raised at that time (see, Foley v Roche, supra). In any event, the record is devoid of evidence that plaintiff actually discharged the outgoing attorney for cause, and absent evidence that the outgoing attorney acted contrary to plaintiff's interests, the court properly rejected the effort to deprive counsel of a fee. (Appeal from order of Supreme Court, Erie County, Forma, J.—renewal.) Present— Boomer, J. P., Green, Pine, Balio and Davis, JJ.