■ Bertram Z. Kadan, Appellant, v Fred Kavleski et al., Respondents.—Levine, J. P. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered January 16, 1990 in Sullivan County, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 15, 1990 in Sullivan County, which, *inter alia,* denied plaintiff's motion for clarification.

In October 1984, defendant Fred Kavleski took possession of a bulldozer owned by plaintiff. At that time, a check in the amount of $23,000 drawn on Kavleski's account was delivered to plaintiff's brother, Seymour Kadan, and ultimately deposited into plaintiff's bank account. Subsequently, in August 1988, plaintiff apparently advised Kavleski that he wanted the bulldozer returned. That request was denied by Kavleski, who had resold the bulldozer to defendant M.J. Nastro Construction Company, Inc.

Plaintiff, acting *pro se,* commenced this action seeking replevin of the bulldozer or, alternatively, money damages. In his complaint, plaintiff alleged, *inter alia,* that he and Kavleski entered into an oral agreement providing for the lease of the bulldozer for 46 months at $500 per month. Following joinder of issue, Kavleski moved and plaintiff cross-moved for summary judgment. Nastro joined in Kavleski's motion. Supreme Court dismissed the complaint against both defendants

and denied plaintiff's cross motion. Plaintiff thereafter made a motion to "clarify" Supreme Court's order and a motion to vacate the judgment entered thereon. Supreme Court denied both motions. These appeals by plaintiff followed.

There should be an affirmance. The evidence submitted by Kavleski in support of his summary judgment motion clearly demonstrated that the transaction with regard to the bulldozer was a sale as opposed to a lease. Specifically, Kavleski submitted his own affidavit detailing the facts surrounding the sale and the negotiations leading up to the sale, as well as a bill of sale endorsed by plaintiff's brother, the canceled check in the amount of $23,000 endorsed by plaintiff and plaintiff's bank statement indicating that the check was deposited in his account. In view of the foregoing proof, plaintiff's conclusory statements alleging an oral lease agreement are unavailing and insufficient to defeat summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562).

Equally unavailing is plaintiff's contention that his motion to "clarify" Supreme Court's order, which was essentially a motion to resettle, was improperly denied by Supreme Court. The court's order is unambiguous and there are no errors in form requiring correction (see, Wilcox v County of Onondaga, 132 AD2d 984). To the extent that plaintiff attempted to use the motion as one for reargument, such use was inappropriate (see, id.; Foley v Roche, 68 AD2d 558, 566). As to plaintiff's motion to vacate, his conclusory and unsubstantiated allegations of improprieties in the Sullivan County legal system were insufficient to warrant the relief sought.

Mercure, Mahoney and Casey, JJ., concur. Ordered that the orders are affirmed, with costs.