■ PETER LUPOLI, Appellant, v MATTHEW LUPOLI et al., Respondents.—In an action, inter alia, for the partition of real property and an accounting, the plaintiff appeals from an order of the Supreme Court, Queens County (Dunkin, J.), dated March 31, 1992, which granted the defendants' motion to (1) transfer the action to the Surrogate's Court, Queens County, and (2) reargue the plaintiff's motion to dismiss the defendants' counterclaims, and, upon reargument, vacated an order dated July 9, 1991, which had dismissed the counterclaims.

Ordered that the order dated March 31, 1992, is reversed, with costs, the defendants' motion is denied, and the order dated July 9, 1991, is reinstated.

The branch of the defendants' motion which was to reargue the plaintiff's motion to dismiss the defendants' counterclaims was improperly granted, as the defendants presented no evidence that the court had overlooked or misapprehended a relevant fact or misapplied a controlling principle of law *(see, Foley v Roche,* 68 AD2d 558). In any event, the counterclaims were time-barred and it was improper to restore them. The court also erred when it transferred the case to the Surrogate's Court. The only claims which even arguably related to the affairs of a decedent were the counterclaims. Since these counterclaims had properly been dismissed, there was no basis for the transfer *(see, Matter of Piccione,* 57 NY2d 278). Bracken, J. P., Rosenblatt, O'Brien and Copertino, JJ., concur.