■ In the Matter of HARENDRA MEHTA et al., Appellants, v MUKESH MEHTA et al., Respondents. [602 NYS2d 143] —In a proceeding to stay arbitration, the petitioners Harendra Mehta and Amita Mehta appeal from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated December 8, 1992, as, upon granting their motion for reargument of an order of the same court, dated May 13, 1992, directed them to execute a personal guarantee of the promissory note contained in the arbitration award, and to otherwise abide by the May 13, 1992, order.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioners contend, *inter alia,* that the provision of the arbitration award which contained the requirement for the personal guarantee of a promissory note, i.e., Schedule A, was fraudulently inserted into the award after it had been signed, and that it was not part of the original award. However, when opposing the respondents' motion to confirm the award, as well as when moving to vacate the award, the petitioners never alleged that Schedule A was not part of the original award. In fact, Schedule A was expressly referred to by the petitioners. Moreover, after the award had been confirmed, the respondents sought both a finding of contempt against the petitioners for failing to abide by the terms of the award and

specific performance. Even then, the petitioners still did not contend that Schedule A had been fraudulently inserted into the award, but simply argued that the promissory note contained in Schedule A did not apply to them. Only after the court ordered specific performance did the petitioners contend for the first time, in a motion to reargue made more than 1½ years after the award had been confirmed, that Schedule A had been fraudulently inserted into the arbitration award.

Since the award, as confirmed, clearly included Schedule A, the petitioners are estopped from now asserting that it was not part of the arbitration award *(see, Burdick Assocs. Owners Corp. v Indemnity Ins. Co.,* 166 AD2d 402). Furthermore, "[a] party may not use a motion to reargue as the vehicle to assert a new issue, particularly where the issue is contrary to the party's earlier position" *(Lillard v Carter,* 167 AD2d 889; *see also, Foley v Roche,* 68 AD2d 558, 567-568; *Fosdick v Town of Hempstead,* 126 NY 651).

We have examined the petitioners' remaining contentions, and find them to be without merit. Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.