■ RICHARD EVANS, Appellant, v DOMINICK VALENTINE, Respondent. [624 NYS2d 294] —Mercure, J. P. Appeal from an order of the Supreme Court (Connor, J.), entered July 28, 1994 in Greene County, which denied plaintiff's motion for summary judgment.

In our view, Supreme Court erred in treating the current application as a successive summary judgment motion *(cf., Abramoff v Federal Ins. Co.,* 48 AD2d 676) and in summarily denying the motion on the basis of plaintiff's alleged failure to establish that all of the proffered evidence was unavailable at the time of the prior application *(see, Foley v Roche,* 68 AD2d 558, 568). The record establishes that the prior application was, in reality, a motion for a preliminary injunction. Further, subsequent to the time of that motion, plaintiff's counsel resigned as an attorney and counselor-at-law, necessitating a substitution of attorneys, followed by discovery and a successful motion for relief from Supreme Court's order striking the complaint for failure to comply with an outstanding discovery order. Under the circumstances, even a successive summary judgment motion should have been entertained and determined on the merits *(see, Freeze Right Refrig. & Air Conditioning Servs. v City of New York,* 101 AD2d 175, 180).

Addressing the merits of the motion, we conclude that plaintiff is entitled to summary judgment on his cause of action to compel conveyance of the real property described in the parties' February 9, 1987 land contract. We are not at all persuaded by defendant's claims that plaintiff breached the contract by failing to maintain the required insurance coverage on the property, that this failure exposed defendant to liability as record owner of the property following a 1989 fire and that defendant is accordingly excused from his obligation to convey title in accordance with the terms of the contract. First, under the express terms of the contract, the only conditions precedent to defendant's obligation to convey title are plaintiff's payment of $100,000 of the $150,000 purchase

price, which he satisfied on December 8, 1987, and demand therefor, which was made on December 14, 1987. Second, if, prior to plaintiff's payment of the full purchase price, plaintiff failed to provide the required insurance coverage or otherwise defaulted in the payments due under the contract, defendant was entitled to declare a default and, following specified notice, accelerate the obligation. However, defendant took no such action and thereby waived his right to avoid performance on this basis. Third, following plaintiff's payment of the full purchase price, acknowledged by defendant on May 12, 1988, he was no longer obligated to provide insurance for defendant's benefit. Ironically, any liability incurred by defendant as the result of the 1989 fire is the direct result of defendant's unjustified refusal to transfer title to the property in accordance with the unambiguous terms of the parties' contract. In view of the foregoing, plaintiff is entitled to partial summary judgment granting the relief demanded in his fourth cause of action for specific performance.

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff by reversing so much thereof as denied plaintiff's motion regarding the fourth cause of action; motion granted to that extent, partial summary judgment awarded to plaintiff on said cause of action and defendant is directed to convey to plaintiff the property described in the parties' February 9, 1987 contract in accordance with the terms thereof; and, as so modified, affirmed.