■ ANTAO & CHUANG, Appellant, v ST. PAUL FIRE & MARINE INS. CO., Respondent. [639 NYS2d 322]

Dismissal of the complaint was warranted on the documentary evidence submitted. Defendant's rejection of the incomplete proof of loss submitted by plaintiff did not constitute a repudiation of liability thereby excusing plaintiff from satisfying any other policy conditions precedent before filing suit (*Lentini Bros. Moving & Stor. Co. v New York Prop. Ins.*

*Underwriting Assn.*, 53 NY2d 835, 836). Upon rejecting the proof of loss, defendant extended plaintiff's time to refile the proof of loss and continued to investigate the claim. Thus, while defendant's rejection of the proof of loss may have been erroneous since plaintiff substantially complied with the requirement to file a sworn proof of loss (*see, Ninth Fed. Sav. & Loan Assn. v New York Prop. Ins. Underwriting Assn.*, 99 AD2d 456), it was not a repudiation of liability. Plaintiff's claims for punitive damages and other relief are therefore groundless; however, plaintiff's substantial compliance warrants a final opportunity to seek relief pursuant to the policy (*supra,* at 457).

Plaintiff's motion to renew was properly denied. Plaintiff failed to establish that the letter of November 23, 1993 was unavailable to it when the motion to dismiss was pending and could not have been made known to the court at that time (*Foley v Roche*, 68 AD2d 558, 568). Concur—Ellerin, J. P., Kupferman, Ross and Williams, JJ.