■ SCOTTSDALE INSURANCE, Appellant, v NELSON MAINTE-
NANCE SERVICES, Respondent. [716 NYS2d 582] —In an action to
recover damages for breach of contract, the plaintiff appeals
(1), as limited by its brief, from so much of an order of the
Supreme Court, Westchester County (Nastasi, J.), entered
August 12, 1999, as denied its motion for leave to amend the
complaint and, *sua sponte*, dismissed the complaint pursuant
to CPLR 3215 (c), and (2) from so much of an order of the same
court, entered February 9, 2000, as denied its motion for leave
to renew.

Ordered that on the Court's own motion, so much of the no-
tice of appeal as purports to appeal as of right from the provi-
sion of the order entered August 12, 1999, which, *sua sponte*,
dismissed the complaint is treated as an application for leave
to appeal from that provision of the order, and leave to appeal
is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order entered August 12, 1999, is affirmed
insofar as appealed from; and it is further,

Ordered that the order entered February 9, 2000, is affirmed
insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

The Supreme Court providently exercised its discretion in
dismissing the complaint for the plaintiff's failure to comply
with CPLR 3215 (c).

The plaintiff failed to proffer a reasonable excuse why the ev-
idence submitted in support of the motion for leave to renew
was not submitted in support of its original motion. Accord-
ingly, the Supreme Court providently exercised its discretion
in denying the plaintiff's motion for leave to renew (*see, Foley v
Roche,* 68 AD2d 558). In any event, even had a reasonable
excuse been proffered, the evidence submitted in support of the
motion for leave to renew did not provide a basis to depart
from the original determination. Ritter, J. P., Thompson, Fried-
mann, H. Miller and Feuerstein, JJ., concur.