OPINION OF THE COURT
David Goldstein, J.
This action to recover for lead paint injuries sustained by the infant plaintiff was settled before this court on October 16, *792 2001, in the Trial Readiness Part. Thereafter, an infant compromise order was submitted which, upon the appearance of the infant and his parent, was signed on February 8, 2002.
It was at this point that counsel’s odyssey began to correct a defect in the original submission, namely, the wrong address for one of the banks into which the child’s distributive share was to be deposited. Like Sisyphus, plaintiffs attorney floundered in performing a simple legal task — the preparation and submission of a resettled order.
During the next 141/2 months, counsel attempted to prepare a resettled order to correct the defect, but has been unable to do so. For whatever reason, each submission was improper, either as to form or by the omission of some statement as to why resettlement was necessary. As far as appears, the attorney either had no idea what a resettled order was or, having moved on to other cases, he left to either a secretary or paralegal the preparation of a resettled order. In any event, this has led to substantial loss and prejudice to the infant, who has been denied the proceeds of the settlement for moré than 141/2 months. In my view, the inaction and neglect warrants a substantial reduction in the fee.
Resettlement of an order, unlike an application for reargument or renewal (CPLR 2221), is an established procedure designed to correct errors or omissions as to form or for clarification. (See, Foley v Roche, 68 AD2d 558, 566 [1979].) As observed by Professor Siegel, “a resettlement contemplates an endeavor to reflect the disposition more accurately.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2221:7, at 183.) It may not be used to amplify the prior decision or to effect a substantive change in the original order (Foley v Roche).
In terms of form and procedure, the Appellate Division, First Department, noted in Foley that it is not necessary for an independent application to be made for resettlement, either by notice of motion or by order to show cause. This distinguishes the application from one for reargument or renewal.
The procedure contemplates notice in the same manner as settlement of the original order and the; form is rather simple. In addition to submission of a supporting affidavit as to why resettlement is necessary, the proposed resettled order includes the caption, with the present date and, after recital of the papers submitted, an ordering paragraph recalling, vacating and resettling the original order. Following this should be the original or *793 der with the original date, caption and recital, after which the ordering paragraphs should be set forth as in the original, with the only change being those to correct the defects. Plainly, this is a rather simple procedure which does not warrant the inordinate time that elapsed in this case. Although the attorney here was carefully instructed as to resettlement, he repeatedly ignored or failed to follow the requisite procedure.
The failure by counsel to act properly required that this court prepare a resettled order so as not to subject plaintiff to further inconvenience and prejudice, something which should be unnecessary if an attorney is properly and diligently representing his client. As far as appears, bearing in mind the inordinate time and inaction, this was not done here.
Accordingly, the resettled order prepared by the court has been signed, with a percentage reduction in the attorney’s fee to ameliorate the effect of counsel’s neglect.