■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VELAZQUEZ, Appellant. [899 NYS2d 612]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J., at motions; Ruth Pickholz, J., at suppression hearing; Renee A. White, J., at plea and sentence), rendered August 21, 2007, convicting defendant of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

The motion court's summary denial of the portion of defendant's initial suppression motion that sought to suppress a

backpack was proper, since defendant did not address the People's claim that he had abandoned the backpack, and did not advance any theory on which suppression could be granted (*see People v Kolon*, 37 AD3d 340 [2007], *lv denied* 8 NY3d 947 [2007]; *People v Arroya*, 268 AD2d 287 [2000], *lv denied* 95 NY2d 832 [2000]). Although, in a renewal motion (denominated a supplemental motion), defendant alleged he discarded the bag as the result of unlawful police conduct, the motion court properly exercised its discretion in denying that motion, since defendant did not establish any reason for omitting the new allegations from his original motion (*see People v Ruth*, 260 AD2d 296 [1999], *lv denied* 93 NY2d 929 [1999]; *Foley v Roche*, 68 AD2d 558, 568 [1979]; CPL 710.40 [4]). In any event, defendant received a hearing on other evidence obtained in the same incident. He had a full opportunity to litigate all aspects of the police conduct, and an additional hearing would serve no useful purpose. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.