Chris Grant Brohawk Films v Digital Seven LLC (2022 NY Slip Op 06635)

Chris Grant Brohawk Films v Digital Seven LLC

2022 NY Slip Op 06635

Decided on November 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 22, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Index No. 656790/19 Appeal No. 16630-16630A Case No. 2021-03527, 2021-03539 

[*1]Chris Grant Brohawk Films, Plaintiff-Respondent,
v
Digital Seven LLC, et al., Defendants-Appellants.

Sweetbaum & Sweetbaum, Lake Success (Joel A. Sweetbaum of counsel), and Edward W. Hayes, New York (Edward W. Hayes of counsel), for appellants.
Fox Rothschild LLP, New York (Philip Z. Langer of counsel), for respondent.

Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered August 30, 2021, in favor of plaintiff and against defendants in the amount of $47,361.78, unanimously reversed, on the law, without costs, the judgment vacated and the prior order that vacated the default judgment, compelled arbitration, and stayed the action pending arbitration reinstated. Appeal from order, same court and Justice, entered on or about February 22, 2021, which granted plaintiff's motion for leave to renew defendants' motion to vacate a default judgment against them and compel arbitration, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff moved under CPLR 2221(e) for leave to renew defendants' motion to vacate the default and compel arbitration. In support of its motion, plaintiff submitted public court filings showing that the prior attorney was not incapacitated as he claimed between September 18, 2020 and December 31, 2020 and that the prior attorney had appeared in at least one hearing during that time. Plaintiff argued that the prior attorney's explanation for his failure to appear on behalf of defendants, on which Supreme Court relied upon to vacate the default, contained material misrepresentations and that these new facts were sufficient to warrant renewal. In opposition, defendants submitted an affirmation from the prior attorney essentially reasserting the circumstances of his default. Supreme Court granted renewal, vacated the prior order, and reinstated the default judgment.
The record demonstrates that the court filings plaintiff relies on, which are matters of public record, existed at the time it submitted opposition to defendants' vacatur motion. Plaintiff, however, did not provide in the renewal motion a "reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see NRZ Pass-Through Trust IV v Rouge, 199 AD3d 466, 466 [1st Dept 2021]; Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]). Accordingly, Supreme Court should not have granted plaintiff's motion for leave to renew.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 22, 2022