## Nationstar Mtge. LLC v Oden

### 2024 NY Slip Op 32433(U)

### July 12, 2024

### Supreme Court, Kings County

### Docket Number: Index No. 504255/2017

### Judge: Derefim B. Neckles

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-2 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, 11201 on the 12th day of July, 2024.

P R E S E N T :

HON. DEREFIM B. NECKLES,

Acting Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NATIONSTAR MORTGAGE LLC D/B/A
CHAMPION MORTGAGE COMPANY,

Plaintiff,

- against -

GLORIA ODEN AS HEIR AND
DISTRIBUTEE OF THE ESTATE OF JEAN
ODEN; YASMINAH ODEN AS HEIR
AND DISTRIBUTEE OF THE ESTATE OF
JEAN ODEN; HEIRS AND DISTRIBUTEES
OF THE ESTATE OF JEAN ODEN;
SECRETARY OF HOUSING AND URBAN
DEVELOPMENT; NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE; UNITED STATES OF AMERICA
-INTERNAL REVENUE SERVICE; SHIRLEY
FORD; ROXANNE "DOE"; "JANE" HARRIS;
"JOHN" HARRIS, SIMMONA YOUNG AS
ADMINISTRATRIX, HEIR AND
DISTRIBUTEETO THE ESTATE OF JEAN
ODEN,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MS. 4

Index No. 504255/2017

The following e-filed papers read herein:                    NYSCEF Doc Nos.

Notice of Motion to Reargue/Affidavits (Affirmations) Annexed          115, 116, 117
Reply Affirmation to Motion to Reargue                                         118

Upon the foregoing papers in this proceeding, the defendant Simmona Young, as heir

and distributee of the Estate of Jean Oden (defendant) moves (under mot. seq. 4) (i) for an

[* 1]

order, pursuant to CPLR 2221 (a) and (d), granting defendant leave to reargue plaintiff Nation Star Mortgage LLC D/B/A Champion Mortgage Company (plaintiff) motion for, inter alia, summary judgment and appointment of a referee (mot. seq. 001), based on matters of both fact and law overlooked by the court in determining the motion and, upon granting such leave, modifying the orders entered March 27, 2023, by deleting the provisions thereof granting the motion, and substituting therefor provisions denying the motion for plaintiff's failure to prove strict compliance with, or non-applicability of, RPAPL 1304 (1-a); or, in the alternative (ii) for an order, pursuant to the court's inherent powers and/or in the interest of substantial justice under CPLR 5015, vacating the orders entered on March 27, 2023, and substituting therefor an order denying plaintiff's prior motion for failure to prove strict compliance with, or non-applicability of RPAPL 1304 (1-a).

### Background

On March 2, 2017, plaintiff filed an action to foreclose on a reverse mortgage encumbering property located at 3 Hart Street in Brooklyn (Block 1766, Lot 90). On May 21st, 2019, the plaintiff moved for an order: (1) granting plaintiff summary judgment; (2) striking the answers and counterclaims of the answering defendants; (3) granting a default judgment against non-answering and non-appearing defendants; (4) appointing a referee to compute; and (5) amending the caption. This court granted plaintiff's motion by order dated March 27th, 2023.

### Discussion

The defendant now contends that this court overlooked issues of fact or law in its determination in granting plaintiff's motion. CPLR §2221(d) provides that a motion for leave

2

[* 2]

to reargue: (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry. "While the determination to grant leave to reargue lies within the sound discretion of the court, a motion for leave to reargue 'is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present argument different from those originally presented." (*Degraw Constr. Group, Inc. v. McGowan Bldrs., Inc.*, 111 N.Y.S.3D 898, 899 [2nd Dept 2019]). It may not be employed as a device for the unsuccessful party to assume a different position inconsistent with that taken on the original motion. It is not an appropriate vehicle for raising new questions. See CPLR 2221; (*Foley v Roche*, 68 AD2d 558 [1st Dept 1979]; *Simpson v Loehmann*, 21NY2d 990 [1968].

This court finds that defendant has attempted to reargue the court's prior decision of March 27, 2023, by raising new issues not previously addressed. However, defendant failed to prove that this court overlooked or misapprehended any matters of fact or law in its prior decision. As previously noted, a motion to reargue does not afford an unsuccessful party an opportunity to advance arguments different from those proffered in the original motion (CPLR 2221; *Foley v Roche*, Supra).

Accordingly, it is hereby

**ORDERED** that defendant's motion to reargue the court's prior decision is denied in its entirety.

3

[* 3]

This constitutes the decision and order of the court.

ENTER,

DATED 7/12/24

HON. DEREFIM B. NECKLES
A. J. S. C.

HON. DEREFIM B. NECKLES
A.J.S.C.

4

[* 4]