Matter of Barons Media, LLC v Shapiro Legal Group, PLLC (2024 NY Slip Op 05301)

Matter of Barons Media, LLC v Shapiro Legal Group, PLLC

2024 NY Slip Op 05301

Decided on October 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 24, 2024

Before: Oing, J.P., Singh, Gesmer, González, Pitt-Burke, JJ. 

Index No. 152278/221 Appeal No. 2889-2890 Case No. 2023-06019 2024-00657 

[*1]In the Matter of Barons Media, LLC, Petitioner-Appellant,
v
Shapiro Legal Group, PLLC, Respondent-Respondent. 

Haynes and Boone, LLP, New York (Gabriel Levinson of counsel), for appellant.
Moses & Singer LLP, New York (Valeria M. Castanaro of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about July 24, 2023, which granted respondent's motion for reimbursement pursuant to CPLR 3122(d) to the extent of awarding it two-thirds of its claimed expenses ($47,514.60), unanimously affirmed, with costs. Order, same court and Justice, entered on or about December 27, 2023, which, to the extent appealed from as limited by the briefs, denied petitioner's motion to renew, unanimously affirmed, with costs.
The court providently exercised its discretion in partially granting respondent's motion for reimbursement as a nonparty witness seeking to recover "reasonable production expenses" incurred while producing electronically stored information (ESI) pursuant to a subpoena from petitioner (see CPLR 3122[d]; 22 NYCRR 202.70; Tener v Cremer, 89 AD3d 75, 82 [1st Dept 2011]). "Reasonable production costs" may include "reasonable fees charged by outside counsel and e-discovery consultants" for gathering and reviewing documents for relevance and privilege before production, in addition to those charged by vendors involved in the harvesting and storage of ESI (22 NYCRR 202.70, Appendix A, at VIII.B). Respondent provided a detailed schedule based on invoices submitted by counsel and ESI vendors, which reflected that the costs were largely incurred by the review, organization, and compilation of responsive materials by outside counsel. Insofar as some of the entries reflect activities associated with withholding materials and that outside counsel's billing rate may have been unreasonable, the court weighed all relevant factors and appropriately determined that respondent was only entitled to recover two-thirds of the claimed expenses. The fact that petitioner subsequently instituted separate litigation against respondent does not render respondent a party that may not recover production expenses under CPLR 3122(d).
The court providently exercised its discretion in denying petitioner's renewal motion (see CPLR 2221[e][2]). Petitioner failed to support its application with "new facts or information which could not have been readily and with due diligence made part of the original motion" (Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]), and the court properly concluded that petitioner's submissions would not change its prior determination.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 24, 2024