| |
|---|
| **Harlem Multifamily LLC v Reifer** |
| 2024 NY Slip Op 33856(U) |
| October 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 850009/2020 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 53

-----------------------------------------------------------------------------------X

HARLEM MULTIFAMILY LLC

                              Plaintiff,

           - v -

DANIEL REIFER,

                              Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 850009/2020 |
| MOTION DATE | 08/01/2024 |
| MOTION SEQ. NO. | 006 |

**DECISION + ORDER ON MOTION**

HON. ANDREW BORROK:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 320, 321, 322, 323, 324, 325, 326, 327, 328, 329, 330, 331

were read on this motion to/for                              RENEWAL                              .

Upon the foregoing documents, the Daniel Reifer's motion for renewal (Mtn. Seq. No. 006) is

DENIED.


Pursuant to CPLR 2221, a motion for leave to renew shall be based on new facts not offered on

the prior motion or a change in the law that would change the prior determination, and a

reasonable justification for the failure to present such facts on the prior motion (CPLR 2221;

*Foley v Roche*, 68 AD2d 558, 568 [1st Dept 1979]).  Although motions to renew are addressed to

the court's sound discretion (*William P. Pahl Equip. Corp. v Kassis*, 182 AD2d 22, 27 [1st Dept

1992]), such motions should be "granted sparingly" and are not a second chance for parties who

have not exercised due diligence submitting facts in the prior motion (*Beiny v Wynyard (In re

Beiny)*, 132 AD2d 190, 209-210 [1st Dept 1987]).  Failure to include facts known to the movant

at the time of the prior motion but not included in the movant's prior submissions cannot serve as

the basis for a renewal motion.

[* 1]

By Decision and Order dated May 30, 2024 (the **Prior Decision**; NYSCEF Doc. No. 309), this Court granted the plaintiff's motion for summary judgment, holding, among other things, that (i) the underlying loan to which Mr. Reifer was a guarantor defaulted automatically according to its terms after the borrower failed to correct certain Violations of the loan documents within six months, (ii) the First and Second Loan Guaranties (NYSCEF Doc Nos. 277, 283) did not entitle the Guarantor to any offset of any kind and waived all defenses except for payment, and thus (iii) there existed no issue of fact that the loan was in default and that there had been no waiver of the accrual of interest at the Default Rate.

Mr. Reifer's motion for renewal is predicated on his recent discovery of an October 2019 bank statement (the **October 2019 Statement**; NYSCEF Doc. No. 323) which, according to Mr. Reifer's affidavit (NYSCEF Doc. No. 324), he discovered to be in his possession only after the Court issued its Prior Decision. According to Mr. Reifer, the October 2019 Statement shows that the plaintiff's predecessor-in-interest (**Signature Bank**) charged late fees instead of default interest, and applied payments to both the loan principal and interest at the contractual (*i.e.*, not default) rate. Mr. Reifer therefore argues he is entitled to renewal because this October 2019 Statement shows that Signature Bank waived its right to seek default interest. The argument fails for at least two reasons.

First, Mr. Reifer fails to offer any reasonable justification for his failure to present the October 2019 Statement to the Court in support of his opposition to the plaintiff's summary judgment motion (Mtn. Seq. No. 005), and the motion must be denied on this basis alone (*Foley*, 68 AD2d at 568). Mr. Reifer's affidavit states that the October 2019 Statement was the "only" statement

**850009/2020   HARLEM MULTIFAMILY LLC vs. EIGHT-115 ASSOCIATES, LLC**          **Page 2 of 4**
**Motion No.  006**

2 of 4

[* 2]

he was able to locate, and that he was not aware he was in possession of this document because he had received no other statements (NYSCEF Doc. No. 324 ¶ 6). This new assertion, however, is inconsistent with Mr. Reifer's previous affidavit (NYSCEF Doc. No. 201) offered in opposition to the plaintiff's prior motion to amend its complaint (Mtn. Seq. No. 003), to which Mr. Reifer attached as an exhibit a December 2019 statement from Signature Bank (NYSCEF Doc. No. 202). Even putting that inconsistency aside, this does not constitute a reasonable excuse because Mr. Reifer has evidently been in possession of this October 2019 Statement for years and he offers no reasonable justification for his failure to adduce it previously. Renewal is not appropriate where the movant has simply failed to exercise due diligence in making his first factual presentation (*Beiny*, 132 AD2d at 210). Thus, the motion must be denied for this reason.

Second, Mr. Reifer's motion must also be denied because it would not change the prior determination. As discussed in the Prior Decision, the loan documents are clear that the guarantor waived all defenses except payment, including election of remedies (NYSCEF Doc. No. 309, at 2-3). The loan documents are also clear that all remedies are cumulative, and that Signature Bank's decision to exercise one remedy does not preclude it from the concurrent or subsequent exercise of any other right or remedy:

> All remedies provided in this Mortgage are ***distinct from and cumulative*** to any other right or remedy under this Mortgage, the Note, any guarantee of the payment of the Note and/or of this Mortgage or any other agreement between, among others, if any, the Mortgagor and the Mortgagee executed simultaneously or in connection herewith, or afforded by law or equity, and ***may be exercised concurrently, independently or successively***. Wherever in this Mortgage the prior consent of the Mortgagee is required, the. consent of the Mortgagee given as to one such transaction shall not be deemed to be a waiver of the right to require such consent to future or successive transactions. Any such consents shall be in writing.

(NYSCEF Doc. No. 275 § 2.2[o] [emphasis added]).

850009/2020   HARLEM MULTIFAMILY LLC vs. EIGHT-115 ASSOCIATES, LLC          Page 3 of 4
Motion No.  006

[* 3]

If Guarantor becomes liable for any indebtedness owing by Borrower to Lender by endorsement or otherwise other than under this Guaranty such liability shall not be in any manner impaired or affected hereby and the rights of Lender hereunder **shall be cumulative of any and all other rights** that Lender may ever have against Guarantor. The exercise by Lender of any right or remedy hereunder or under any other instrument or at law or in equity **shall not preclude the concurrent or subsequent exercise of any other right or remedy**.

(NYSCEF Doc. No. 277 § 5.10 [emphasis added]).

Thus, Signature Bank's decision to charge late fees did not effect a waiver of any other remedy, including the charging of default interest, and Mr. Reifer's late production of the October 2019 Statement does not change the prior determination made by this Court in its Prior Decision.

The Court has considered the parties' remaining arguments and found them unavailing.

Accordingly, it is hereby

ORDERED that Mr. Reifer's motion for renewal (Mtn. Seq. No. 006) is denied.

20241028085548AD0RR0K53CA7ED77742#CE48D6B2527269FD4E6

_____          _____
**10/28/2024**                    **ANDREW BORROK, J.S.C.**
DATE

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

850009/2020   HARLEM MULTIFAMILY LLC vs. EIGHT-115 ASSOCIATES, LLC          Page 4 of 4
Motion No.  006

[* 4]