MB Fin. Bank, N.A. v 56 Walker LLC (2025 NY Slip Op 03137)

MB Fin. Bank, N.A. v 56 Walker LLC

2025 NY Slip Op 03137

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 106517/09|Appeal No. 4403-4403A|Case No. 2024-02959|

[*1]MB Financial Bank, N.A., Plaintiff-Respondent,
v
56 Walker LLC, et al., Defendants. Rey Olsen, Nonparty-Appellant.

Rey Olsen, appellant pro se.
Barnes & Thornburg LLP, New York (Joseph A. Matteo of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered November 6, 2023, which, to the extent appealed from as limited by the briefs and appealable, denied nonparty Rey Olsen's motion for leave to renew 1) his motion to vacate the judgment of foreclosure and all prior orders in this action and dismiss the action, and 2) his motion to renew and reargue his motion to vacate the judgment of foreclosure and restore the action to the calendar, unanimously affirmed, without costs. Appeal from aforementioned order, unanimously dismissed, without costs, as taken from a nonappealable paper to the extent it denied Olsen's motion to reargue.
Supreme Court providently exercised its discretion in denying Olsen's motion for leave to renew (see CPLR 2221[e][2]). Olsen failed to support his motion with "new facts or information which could not have been readily and with due diligence made part of the original motion" (Foley v Roche, 68 AD2d 558, 568 [1st Dept 1979]), and the court properly concluded that Olsen's submissions on the motion would not have changed the prior determinations (see CPLR 2221[e][2]; In re East 51st Street Crane Collapse Litig., 100 AD3d 503, 503-504 [1st Dept 2012]). Olsen's affiants both averred that they memorialized in writing their partial assignments to Olsen but neither of them attached those documents to their affidavits or otherwise explained the scope of those assignments. Without this evidence, the affiants' conclusory statements regarding their purported assignments were insufficient (see Residential Credit Solutions, Inc. v Gould, 171 AD3d 638, 638-639 [1st Dept 2019]).
We have considered Olsen's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025